19920

The STATE, Respondent, v. Willie CAMPBELL, Appellant
(210 S. E. (2d) 307)

329

Messrs. *H. F. Partee and John I. Mauldin,* of Greenville, *for Appellant,*

Messrs. *Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dep. Atty. Gen.,* and *Joseph R. Barker, Staff Attorney,* of Columbia, *for Respondent,*

330

December 4, 1974.

LEWIS, Justice:

Appellant was convicted of armed robbery and received a sentence of twenty (20) years. He has appealed and the sole question presented is whether there was evidence to sustain the findings of the trial judge that the pretrial identification of the appellant by the prosecutrix was not so suggestive as to render her in-court identification of him inadmissible.

Prosecutrix was robbed while walking along a street in Greenville, South Carolina, about dawn, on March 30, 1974. She had ample opportunity to observe her assailant and immediately after the incident gave a description of him to the officers. In their efforts to identify her assailant, the officers showed to the prosecutrix a group of six (6) photographs on April 2nd, but none of these could be identified as the one who committed the crime. Subsequently, on April 8th, the officers, after stating to the prosecutrix that they had a suspect, presented to the prosecutrix a second group of pictures, among which was a photograph of appellant. She immediately identified appellant as her assailant and he was charged with armed robbery.

The last group of pictures presented to the prosecutrix, and from which she identified appellant, were each dated, apparently showing the year in which they were taken. There were seven (7) pictures showing respectively the dates 1958, 1954, 1954, 1952, 1952, 1952, and that of appellant April 5, 1974. The prosecutrix saw a picture of appellant on about ten (10) different occasions between her identification of him on April 8th and the trial which began

on June 6th. She positively identified him at the trial as the one who robbed her.

Upon motion to exclude any in-court identification of appellant by the prosecutrix, the trial judge heard testimony in the absence of the jury to determine whether there was a substantial likelihood that an in-court identification by the prosecutrix would be impermissibly influenced by the pretrial identification by her from the photographs. The trial judge concluded that an in-court identification by the prosecutrix would not be influenced by her previous view of the pictures and overruled appellant's objection to the testimony.

Appellant contends that the exhibition of the dated pictures to the prosecutrix was prejudicially suggestive in that all of the pictures, except that of appellant, were dated in prior years, while appellant's picture showed a recent date. It is argued that, since appellant's picture was the only one showing a recent date, the statement of the officer's to the prosecutrix, when the pictures were submitted, that they had a suspect, automatically focused the attention of the prosecutrix upon his recent photograph as the suspect to whom the officer referred. This, it is further contended, raised a substantial possibility that the identification of appellant from the photograph was influenced by the dates on the pictures and the officer's statement, and did not result from her independent recollection. It is also contended that the several subsequent views of appellant's photograph by the prosecutrix tended to implant the image of appellant in her mind and increased her ability to identify him at the trial.

The record revealed ample opportunity for the prosecutrix to observe her assailant shortly before and during the commission of the crime, from which she was able to immediately thereafter give a description of him to the officers. She testified that she did not observe the dates on the pictures and was uninfluenced by them in making her identification. Both the prosecutrix and the officers testified that

the picture of appellant was about the third or fourth one in the stack of pictures handed to the prosecutrix and that, immediately upon seeing appellant's picture, it was identified as her assailant without viewing the remaining photographs. We think that the facts and circumstances, including the opportunity of the prosecutrix to view her assailant at the time of the commission of the crime, her prompt pretrial identification of appellant as her assailant from his photograph and her positive in-court identification, lend credence to her testimony and render it extremely unlikely that the pretrial view of the photograph of appellant suggested or impermissibly influenced the in-court identification.

The present record amply sustains the conclusion of the trial judge that there was no "substantial likelihood of irreparable misidentification." *State v. Williams,* 257 S. C. 257, 185 S. E. (2d) 529; *State v. Singleton,* 258 S. C. 125, 187 S. E. (2d) 518.

The judgment is accordingly affirmed.

Moss, C. J., BUSSEY and LITTLEJOHN, JJ., and J. B. NESS, A. A. J., concur.