## 19984

The STATE, Respondent, v. Stanley Wayne FOWLER, Appellant

(213 S. E. (2d) 447)

150

William B. Long, Jr., Esq., of Long, Black & Gaston, Greenville, for Appellant,

Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Brian P. Gibbs, Staff Atty. of Columbia, and C. Victor Pyle, Sol., of Greenville, for Respondent,

April 1, 1975.

LEWIS, Justice:

Appellant was convicted of the armed robbery of the cashier in Jordan's Self Service Minit Mart in Greenville County and received a sentence of twenty (20) years. He has appealed, charging that the trial court erred (1) in refusing to exclude the in-court identification by the prosecuting witness because of improperly suggestive pretrial identification procedures, and (2) in refusing a motion for a new trial on

the ground of after-discovered evidence. The latter question also includes an assignment of error based upon the refusal of the trial judge to admit into evidence certain police investigative records to support the claim of after-discovered evidence.

The robbery was committed about 4 p. m. on October 19, 1973. According to the testimony of the prosecuting witness, she was about her duties as cashier and clerk in Jordan's Self Service Minit Mart when the appellant entered and, at gun point, made her place the cash in a bag and then made her go into the rest room. She remained there until he left. She saw and observed appellant for about five minutes. When the police arrived, she gave them a description of her assailant, which was an accurate description of appellant, and, according to her trial testimony, later identified him from a group of pictures presented to her by the officers. Subsequently, she identified appellant as her assailant from a one-on-one view though a one-way mirror and from a second view of the pictures. She saw appellant again at the preliminary hearing and positively identified him at the trial as the one who committed the robbery.

Appellant objected to the in-court identification contending that the pretrial photographic identification and one-on-one view of appellant through the one-way mirror were prejudically suggestive and impermissibly influenced the in-court identification by the prosecuting witness.

The trial judge found that the prosecuting witness had ample opportunity to observe her assailant and reach an independent identification of him from such observations. He concluded that neither the photographic identification nor the one-on-one view, singly or collectively, were conducted in such a manner as to impermissibly or prejudicially influence the in-court identification. The record amply sustains these findings by the trial judge, and the in-court identification was properly allowed. *State v. Campbell,*

S. C., 210 S. E. (2d) 307; *State v. Rogers,* S. C., 210 S. E. (2d) 604.

Appellant also seeks to have his in-court identification by the prosecuting witness suppressed upon the basis of testimony developed at the hearing on the motion for a new trial. The prosecuting witness testified at the trial that her first pre-trial identification was from a group of pictures presented by the officers, the second from a one-on-one view through a one-way glass, the third from a second view of the pictures, and the fourth at the preliminary hearing. However, an officer, who was not present at the trial, testified at the later motion hearing that the witness was unable to identify appellant as her assailant from the first view of the pictures. If this was true, the first identification by the witness would have been the one-on-one view. It is now argued that the one-on-one view, with no prior identification, was unduly suggestive and improperly influenced the subsequent in-court identification.

The prosecuting witness, however, denied that she was unable to make any identification at the first view of the pictures. She testified that, while she did not make a positive identification, she did identify the picture of appellant at the first viewing as probably her assailant. She stated that she told the officers the picture of appellant "looks like him (her assailant)," but that she was unable to "swear to it" at that time because of her physical condition from medication.

The foregoing testimony related solely to the credibility of the initial photographic identification of appellant by the prosecuting witness. Of course, the effect of the testimony must be viewed and assessed in the light of its sufficiency to support the motion for a new trial on the ground of after-discovered evidence. The credibility of the identification by the prosecuting witness was in sharp issue at the trial. The present testimony was therefore cumulative and impeaching. As such, it could not be after-discovered evidence.

The subsequent testimony directed to the impeachment of the identification testimony of the prosecuting witness is not, in any event, persuasive of error in the trial judge's determination of the admissibility of the in-court identification. There can be no doubt of the full opportunity of the witness to observe her assailant under such circumstances as to render correct identification most likely. The description given by her to the officers immediately after the incident was an accurate description of appellant, although she had never seen him before. The charge here is that she mistook the appellant for the alleged confessor to the crime. The dissimilarities in the appearance of the two, as shown by their pictures, renders such misidentification, at least, most unlikely. The record supports the implicit findings of the trial judge that any discrepancies between the impeachment testimony and that of the witness at the trial and the subsequent motion hearing were insufficient to render her in-court identification any less credible or to have brought about a different trial result.

It is next contended that the lower court erred in refusing appellant's motion for a new trial on the ground of after-discovered evidence that someone else committed the crime. In essence, the allged after-discovered evidence is the testimony of one Wayne Hughes (now serving a thirty-two [32] year sentence for armed robbery and rape and still under indictment on other charges of robbery), that he committed the crime of which appellant was convicted. The testimony or confession of Hughes was corroborated by his wife.

While there was other testimony characterized by appellant as after-discovered, it so patently fails to meet the test for such evidence as to merit no attention. The only other testimony offered which requires any attention is that of Wayne Hughes and his wife, wherein Hughes says that he, and not appellant, committed the robbery charged.

The general rules governing consideration of a motion for a new trial on after-discovered evidence are set forth in

*State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716, from which the following was quoted with approval in *State v. Wells,* 249 S. C. 249, 153 S. E. (2d) 904:

"A motion for a new trial on after-discovered evidence is addressed to the sound discretion of the trial court. *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918. And the movant must show that the evidence upon which it is based: (1) is such as would probably change the result if a new trial is had; (2) has been discovered since the trial; (3) could not by the exercise of due diligence have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching."

The testimony of Hughes that he committed the crime was not newly-discovered. Appellant testified at his trial that he did not commit the crime but had been informed prior to his arrest that Hughes committed it. He understood that Hughes was then "in the penitentiary." Although appellant did not know Hughes at the time, he did know the wife of Hughes. With this information, no effort was made to procure the testimony of Hughes and his wife and, in so far as this record discloses, they were not even contacted about the matter prior to appellant's trial. This prior knowledge of the testimony and the failure to exercise ordinary diligence to procure it for the trial preclude the present confession from being after-discovered evidence.

The following general principles from 24 C. J. S. Criminal Law § 1454 (c), p. 182, are applicable:

"Evidence, not known to accused at his trial, which will tend to prove that the crime of which he has been convicted was committed by another person, may be ground for a new trial. A new trial on this ground rests in the sound discretion of the trial court, and depends largely on the credibility of the new evidence. Where the newly discovered evidence is incredible and improbable under all the circumstances, the motion will be denied. ". . .; and ordinarily accused may not claim a new trial to produce evidence of such a confession where it was known to him prior to his conviction, or· where

he failed to exercise ordinarily diligence to procure the testimony of the alleged confessor."

The trial judge also concluded that the evidence producing the newly-found robber was incredible and improbable. The record sustains this conclusion. Hughes was serving a sentence of thirty-two (32) years with other indictments pending. His memory was vague and indefinite as to several facts which normally would have been remembered if he had, in fact, committed the crime. Although Hughes and his wife were at the scene together, there were substantial variances in their testimony. There was also the positive and highly credible identification of defendant as the robber by the prosecuting witness.

The above facts and circumstances were properly considered by the trial judge and amply support his conclusion that appellant had failed to establish grounds for a new trial on after-discovered evidence. It follows that the denial of the motion did not constitute an abuse of discretion.

Finally, appellant contends that the trial judge erred in ruling the investigative records of certain officers inadmissible.

At the hearing on the motion for a new trial on after-discovered evidence, appellant offered records made by the officers in investigating armed robberies which had occurred in nearby counties. They were offered for the purpose of corroborating the confession of Hughes to the instant robbery. The trial judge properly held that they were inadmissible as hearsay testimony.

The documents in question were not official records but solely "police investigative notes." As such, they were inadmissible. *Sandel v. State,* 126 S. C. 1, 119 S. E. 776; *Peagler v. Atlantic Coast Line Railroad Company,* 234 S. C. 140, 107 S. E. (2d) 15.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.