## 20213

The STATE, Respondent, v. Carol DEESE and Larry Robinson, of whom Larry Robinson is, Appellant

(225 S. E. (2d) 175)

*Messrs. Keith A. Gatlin* and *John C. Hayes, of Hayes, Brunson and Gatlin,* Rock Hill, *for Appellant,*

Messrs. *Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* and *William L. Ferguson, Asst. Sol.,* of Union, *for Respondent,*

May 5, 1976.

NESS, Justice:

Larry Robinson was convicted of the sale of marijuana and was sentenced to a term of five years imprisonment. Immediately following publication of the jury's verdict, Robinson sought a new trial based on after discovered evidence. After conducting a full inquiry into the details of the purported after discovered evidence, the trial judge denied Robinson's motion and this appeal followed. We find no prejudicial error and affirm the lower court.

Robinson and his cousin, Carol Deese, were charged with selling approximately five pounds of marijuana to two, full time undercover agents of the State Law Enforcement Division (SLED). At trial the only really contested issue was the identity of the defendants. Appellant offered a defense of alibi and testified, along with six witnesses, that on the night of the sale he was attending a concert in Greensboro, North Carolina. Deese did not present any defense.

During the trial the two purchasing agents identified both defendants. Although neither agent had seen either of the defendants before the night of the sale or for some months thereafter, both agents had been in the car with the two defendants for at least five minutes preceding the sale. The agents talked with the defendants and were in an excellent position to observe the defendants. A third agent, who was performing surveillance duties relative to the sale, testified that he followed the two defendants after the sale. This agent stopped for a traffic light and was parallel to Deese's car. He looked at the appellant Robinson, whom he had known for four years, and made positive identification.

After the jury returned a verdict of guilty against both defendants, Robinson informed the court that Deese had mentioned the name of a third person as being Deese's accomplice. Deese confirmed this and admitted his own in-

volvement in the sale of marijuana. Robinson stated he had confronted the third person, Sammy Parker, prior to trial, but Parker had denied any involvement in the crime. The court delayed sentencing.

Thereafter, the trial judge conducted two evidentiary hearings to determine if Robinson was entitled to a new trial. At the first hearing, Sammy Parker testified. Initially, he admitted that he was present at the sale; however, he contended he had no involvement in the sale, was not guilty of any crime, and was merely present to provide protection for his good friend Deese. After detailed cross examination, Parker stated that he would plead guilty to the sale.

Parker consistently testified that he had never been involved in any other drug sales. Yet, he was remarkably unaware of the details of the sale of marijuana to the agents. He was uncertain as to the number of agents who joined himself and Deese in the car, although he thought there were perhaps two agents. Parker could not give a description of the agents, nor identify them. Moreover, he did not remember the exact amount of money paid for the marijuana, who counted the money, transferred the marijuana, or the time of the sale. There were numerous other omissions and discrepancies in Parker's testimony. In summary, Parker's memory concerning his alleged single episode in drug trafficking was remarkably void.

A second witness, Brenda Blanton, testified that Parker was Deese's accomplice and that Robinson was not present at the time of the sale. This witness had accompanied the officers to the scene of the sale, but did not join them with Deese in his car. Her credibility was severely impeached when she admitted lying under oath relative to a friend's participation earlier that night in arranging the sale.

At the conclusion of this hearing, counsel for appellant suggested that the witnesses whom he relied upon for his motion for a new trial be subjected to a polygraph test.

A polygraph examination was conducted and the report was not favorable to the appellant. The propriety of using this type of testimony was not raised and is expressly not passed upon in this opinion.

The court denied the motion for a new trial and stated, "I am satisfied, completely satisfied that you have violated the drug laws of this State whether you ever admit it or not."

There are five requirements which must be met to entitle a party to a new trial based on after discovered evidence. Most recently these requirements have been repeated in *State v. Fowler,* 264 S. C. 149, 155, 213 S. E. (2d) 447 (1975). Furthermore, the motion is addressed to the discretion of the trial judge. When testimony is in direct conflict and depends largely on the credibility of the new evidence, the trial judge is charged with the duty of assessing the evidence. *State v. Fowler, supra.*

We seriously question whether the testimony of Parker was after discovered evidence in compliance with the standards set forth in *State v. Fowler, supra.* Assuming the trial judge believed appellant, it would appear Robinson had been told of Parker's involvement in the sale of marijuana prior to trial. Apparently, Robinson withheld this information from counsel and sought to utilize it only if his alibi defense failed.

Assuming the requirements relative to a new trial based on after discovered evidence were met, the trial judge's denial of the motion was within his judicial discretion. The testimony of Parker was incomplete and contradictory. Additionally, Brenda Blanton admitted that she testified falsely under oath to protect a friend. The trial judge was justified in refusing to believe the testimony of these two witnesses, particularly in light of the testimony of the two SLED agents who purchased the marijuana.

Finally, appellant contends that during the course of consideration of the motion for a new trial, the State submitted a picture of Sammy Parker to the trial judge. The photograph was not secretly presented to the trial judge. Appellant's counsel was fully aware of it. In fact, addressing the court concerning the motion for a new trial, counsel directly referred to the photograph. If counsel disapproved or felt that the photograph was prejudicial to the rights of his client, he would have objected to it and required the State to introduce the photograph into evidence.*

The trial judge's refusal of the motion for a new trial is affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

* In his brief appellant argues the court discussed the motion for a new trial ex parte with the State. There is no record by affidavit or otherwise of any alleged conversation other than a conversation at the time the picture was displayed. In the absence of sworn allegations, this issue does not warrant consideration.