20368

The STATE, Respondent, v. David Michael HAYDEN et al., Appellants.

(232 S. E. (2d) 889)

*Messrs. Walter W. Brooks* and *H. Michael Kaylor,* of Columbia, *for Appellants,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Brian P. Gibbes, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

February 28, 1977.

LITTLEJOHN, Justice:

The three appellants were convicted and sentenced for certain drug and illegal weapons charges.

The facts from which the charges arose are as follows:

At about 7 o'clock p. m. on January 8, 1975, the appellants, David Michael Hayden and James M. Martin, were in the apartment of a SLED informer in Columbia. The informer had earlier agreed to buy cocaine from them and loaned James M. Martin his automobile to go to Charleston for the purpose of procuring the same. This was the culmination of previous conversations relative to this matter. James M. Martin left for Charleston in the informer's automobile soon after 7 o'clock.

At approximately 11:30 p. m., when Hayden and the informer were in the apartment, SLED agents and other law enforcement officials entered and found a quantity of hashish. Hayden was arrested for possession of both the hashish and an illegal weapon.

A few hours later (approximately 2 a. m. on January 9), the appellants James M. Martin and his brother Patrick W. Martin (who had joined James M. somewhere along the way) were stopped by law enforcement officials as they entered Columbia from the direction of Charleston. They were traveling in the automobile of the SLED informer. A search of the vehicle produced five bags of a white, powdery substance (later identified as cocaine), capsules of illegal drugs and a gun which was possessed by Patrick W. Martin.

James M. Martin was charged with and convicted of (1) possession of cocaine with intent to distribute, (2) conspiracy to violate the drug laws, and (3) possession of unlawful drugs. Patrick W. Martin was convicted of (1) carrying an unlawful weapon, (2) conspiracy to violate the drug laws, and (3) possession with intent to distribute cocaine. Hay-

den was convicted of (1) possession of an unlawful weapon, and (2) conspiracy to violate the drug laws. Hayden was found not guilty of the hashish charge. All have appealed.

Appellants first contend that the warrantless search of the SLED informer's automobile was unlawful and thus the items seized as a result of the search should have been excluded as evidence. We do not agree.

Under the requirements enunciated by a long line of cases beginning with *Carroll v. United States,* 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925), it is clear that probable cause to search the vehicle in question existed under the facts of this case. The SLED agents involved in the search had been given information by the paid informer to the effect that a vehicle belonging to him (informer) would be coming into Columbia at an approximate time and that it would contain illegal drugs. The informer was able to supply such vital information as the make and color of the car, the probability of drugs being present and the probable route the vehicle would be taking.

It is also clear that in addition to probable cause, exigent circumstances justifying the warrantless search were likewise present. The record does not reflect the existence of reasonable time, after the agents had probable cause for the search, to procure a warrant.

The relatively short period between the time the officers were informed of the impending return of the vehicle from Charleston and its actual arrival, as well as the lateness of the hour, would have made it both difficult and impractical to get a search warrant. In addition to this, the search in question was that of an automobile which could, of course, have escaped the jurisdiction before a warrant could have been obtained. These are the type exigent circumstances to which the United States Supreme Court has referred many times. *Carroll, supra; Chambers v. Maroney,* 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419 (1970).

Appellants next argue the defense of entrapment as a basis for a reversal of their convictions. As noted by this Court most recently in *State v. Haulcomb,* 260 S. C. 260, 195 S. E. (2d) 601 (1973), appeal dism., 414 U. S. 886, 94 S. Ct. 229, 38 L. Ed. (2d) 134 (1973) entrapment occurs:

"[W]here one is instigated, induced or lured by an officer of the law or other person for the purpose of prosecution into the commission of a crime which he had otherwise no intention of committing."

There is uncontradicted evidence to the effect that the appellants were the first to suggest a possible drug deal. It is clear from the record that the appellants' argument is based on a faulty interpretation of certain phraseology used by several prosecution witnesses and as such is without merit.

It is next argued that the evidence (cocaine) should not have been admitted at the trial because there is uncontradicted testimony that it was tampered with after the seizure and before the chemical analysis.

In dealing with the question of tampering, it is generally agreed that:

"Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence." *Gallego v. United States,* 276 F. (2d) 914, 917 (9th Cir. 1960).

Accord: *United States v. Jones,* 486 F. (2d) 476 (8th Cir. 1973), *cert. den.,* 415 U. S. 917, 94 S. Ct. 1415, 39 L. Ed. (2d) 472 (1974); *United States v. Brown,* 482 F. (2d) 1226 (8th Cir. 1973); *Reed v. United States,* 377 F. (2d) 891 (10th Cir. 1967).

Upon reviewing the testimony presented to the trial court concerning the alleged tampering with the confiscated cocaine, we are convinced the court did not abuse its discretion in allowing it to be admitted in evidence. The testimony tends to establish that the cocaine was reduced in amount by virtue of the tampering, rather than added to, and further, even if the amount was reduced there was still present 48 times the amount of cocaine necessary under the statute to create the presumption of an intent to distribute.

Finally, appellant Patrick W. Martin argues there was insufficient evidence to submit the charge of conspiracy to violate the drug laws to the jury as to him. He contends the State made no showing that he directly promoted this drug venture or that he had any specific knowledge of the dealings taking place.

Such a direct showing of involvement in a crime, however, is not absolutely necessary to support a conviction of conspiracy. As noted by this Court in *State v. Fleming,* 243 S. C. 265, 133 S. E. (2d) 800 (1963):

"To establish sufficiently the existence of the conspiracy, proof of an express agreement is not essential but the conspiracy may be sufficiently shown by circumstantial evidence and the conduct of the parties. . . ." at 274, 133 S. E. (2d) at 805. (Quoting 15 C. J. S. *Conspiracy,* § 93(a))

Patrick Martin was, of course, an occupant of the car in which the cocaine was found. The illegal drugs were under the passenger's seat which he occupied. He was armed with an illegal weapon. These facts constituted sufficient evidence, albeit circumstantial, to present the question of his involvement in the conspiracy to the jury.

The appellants having failed to convince the court that they did not receive a fair trial, it follows that the convictions and sentences of the lower court are

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.