### 20982

The STATE, Respondent-Appellant, v. William J. CASKEY and Luther W. Pender, Appellants-Respondents.

(256 S. E. (2d) 737)

*Henry H. Taylor* and *S. Jahue Moore,* West Columbia, and *James B. Richardson, Jr.,* Columbia, *for appellant-respondent Caskey.*

*Albert J. Dooley,* Lexington, *for appellant-respondent Pender.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent-appellant.*

June 11, 1979.

NESS, Justice:

This consolidated appeal arose from a two-count indictment charging appellants Pender and Caskey with obstruction of justice and conspiracy to obstruct justice. Following a venue change from Lexington to Greenwood County, appellant Pender was convicted on the substantive count of obstruction, but the jury was unable to reach a verdict upon either count as to Caskey, or upon the conspiracy count as to Pender.

Venue was returned to Lexington County and the case was retried on the unresolved counts. The jury returned a guilty verdict on both counts as to Caskey and on the single remaining count as to Pender. Each was sentenced to three years imprisonment. The State appeals from an order granting Pender and Caskey a new trial based on after-discovered evidence. As Pender is now deceased, only Caskey appeals from this order.

We affirm the conviction of Caskey and reverse the order granting a new trial.

The charges against former Lexington County magistrate Pender and Caskey, a Lexington attorney, grew out of a DUI second charge against Virgil Kilgoar which was allegedly dismissed after Kilgoar paid Caskey $800. Initially, Caskey asserts the trial court erred in admitting evidence of his alleged wrongdoing in an independent case. This is without merit.

The disputed evidence involved Kilgoar's stepson, Eddie Cox, who was arrested for DUI on a separate occasion and whose charges also were allegedly dropped after the payment of money to Caskey. While evidence of the commission by an accused of another crime is generally inadmissible, one recognized exception to this rule is when the evidence is admitted to show a common scheme. *State v. Conyers,* 268 S. C. 276, 233 S. E. (2d) 95 (1977); *State v. Neeley,* 271 S. C. 33, 244 S. E. (2d) 522 (1978).

Recently, in *State v. Rivers,* 254 S. E. (2d) 299, this Court quoted approvingly the following language from *State v. Lyle,* 125 S. C. 406, 417, 118 S. E. 803 (1923):

"Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. *Hence, if the Court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected.*" (Emphasis supplied.)

While in *Rivers, supra,* the connection between the two alleged crimes was held to be too tenuous to permit the admission of evidence of the prior alleged incident, here, the two alleged crimes were so closely related as to leave little

doubt of the former incident's logical relevancy. Therefore, we conclude the trial court correctly admitted the evidence of another crime to show a common scheme.

Appellant next contends the trial court erred in refusing to direct a verdict of acquittal. This is without merit. Ample evidence of appellant's culpability existed to warrant submission of the case to the jury. See cases collected in 7A West's S. C. Digest, key 741(1). Accordingly, the conviction of Caskey is affirmed.

The State asserts the lower court erred in granting Pender and Caskey's motion for a new trial based on after-discovered evidence. We agree.

While a motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial judge, it is well settled that it may be granted only if the movant shows that the evidence upon which it is based:

(1) Is such as would probably change the result if a new trial was had;

(2) Has been discovered since the trial;

(3) Could not by the exercise of due diligence have been discovered before the trial;

(4) Is material to the issue of guilt or innocence; and,

(5) Is not merely cumulative or impeaching.

*State v. Fowler,* 264 S. C. 149, 213 S. E. (2d) 447 (1975); *State v. Wells,* 249 S. C. 249, 153 S. E. (2d) 904 (1967); *State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716, cert. den. 363 U. S. 846, 80 S. Ct. 1616, 4 L. Ed. (2d) 1728, reh. den., 364 U. S. 857, 81 S. Ct. 36, 5 L. Ed. (2d) 81 (1959); *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918 (1954).

Here, the asserted after-discovered evidence was a conversation between the solicitor and Kilgoar whereby Kilgoar was promised immunity or leniency

in return for his testimony against Pender and Caskey. The contents of the alleged conversation are practically identical to statements by the solicitor at a pre-trial conference in the Greenwood trial that his office was not pursuing the Kilgoar charge. At that time, Judge Moss found as a matter of fact that no promises of leniency had been made to Kilgoar. Moreover, the alleged after-discovered evidence was at most merely impeaching of Kilgoar's credibility and not material to appellant's guilt or innocence.

We conclude the lower court committed a manifest abuse of discretion amounting to an error of law in granting the motion for a new trial. We affirm Caskey's conviction and reverse the order granting him a new trial.

Affirmed in part; reversed in part.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.