21861

David Michael HAYDEN, Respondent, v.
STATE of South Carolina, Appellant.
(299 S. E. (2d) 854)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for appellant.*

*Michael J. Thompson,* Columbia, *for respondent.*

Jan. 26, 1983.

NESS, Justice:

Respondent was convicted of possession of cocaine with intent to distribute and sentenced to ten years imprisonment. We affirmed the conviction on direct appeal in *State v. Hayden, et al.,* 268 S. C. 214, 232 S. E. (2d) 889 (1977). This appeal is from an order granting respondent's motion for post-conviction relief on the ground of after-discovered evidence. The State contends respondent failed to meet all the requirements for a new trial established in *State v. Caskey, et al.,* 273 S. C. 325, 256 S. E. (2d) 737 (1979). We agree and reverse.

■ A party requesting a new trial based on after-discovered evidence must show that the evidence:

(1) Is such as would probably change the result if a new trial was had;
(2) Has been discovered since the trial;
(3) Could not by the exercise of due diligence have been discovered before the trial;
(4) Is material to the issue of guilt or innocence; and,
(5) Is not merely cumulative or impeaching.

*State v. Caskey,* supra.

The record reveals that Sheila Rotan, a SLED informant, met with respondent in his car under the supervision and surveillance of SLED agents. Upon receiving a prearranged signal from Rotan, the SLED agents arrested respondent and discovered cocaine in his automobile.

Respondent contended at trial he had been framed by Rotan, former SLED agent Al Lawrence, and Leonard Horger. The State rebutted these allegations to the obvious satisfaction of the jury.

At his post-conviction relief hearing, the only evidence presented to support his contention of after-discovered evidence was the testimony of Leonard Horger, an admitted liar, thief, and drug dealer who was not present at respondent's arrest. In exchange for immunity from Federal and State authorities, Horger testified he had conspired to frame respondent and that the SLED agents planted the drugs.

This hearsay testimony does not meet the *Caskey* requirements, as evidence of the alleged setup was clearly known by and available to respondent at trial. Respondent spoke of all three of the alleged conspirators several times during the trial. When the trial judge suggested Horger could have been subpoenaed, respondent contended that Rotan, and not Horger, was the important witness. The trial judge also offered to subpoena Rotan, yet no attempt was made by respondent to obtain her testimony. Neither was any attempt made to obtain Lawrence's testimony, and no justification was offered for respondent's failure to present either witness. We hold respondent failed to show that evidence of the alleged setup was discovered after the trial or could not by the exercise of due diligence have been discovered before trial.

Further, we doubt Horger's testimony would change the outcome in a new trial. Horger's testimony concerning the planting of the drugs could only be hearsay, as he was not present at the time of arrest. Additionally, Horger is an admitted liar, thief, and drug dealer, who by respondent's own admission was not an important witness. We conclude respondent failed to meet the *Caskey* requirements, and reverse.

Reversed.

Lewis, C.J., and Littlejohn and Gregory, JJ., concur.

Harwell, J., dissents.

Harwell, Justice (dissenting):

I respectfully dissent.

Five years after respondent's conviction for possession of cocaine with intent to distribute, he filed an amended application for post-conviction relief. He alleged he was entitled to a new trial on the ground of after-discovered evidence. At his original trial respondent contended that SLED agents had planted him with drugs in order to discredit his upcoming testimony in federal court against Leonard Horger, a paid SLED informant. The SLED agents and police officers testified respondent's allegations were false. However, at respondent's post-conviction relief hearing, Leonard Horger, in exchange for immunity from Federal and State authorities, admitted he framed the respondent and that the SLED agents planted respondent with drugs. (The SLED agents involved subsequently had been convicted in federal court on either drug or racketeering charges.) In addition, the assistant solicitor who originally tried the case testified that he believed the cocaine was planted and that he would not reprosecute respondent if a new trial were granted. The State did not rebut the evidence. Accordingly, the court found that respondent met the required elements for a new trial. I agree.

On appeal from an order granting post-conviction relief, our review is limited to whether there is *any* evidence to support the trial court's findings of fact. *Greene v. State,* 276 S. C. 213, 277 S. E. (2d) 481 (1981). Therefore, the issue on appeal is whether there is any evidence to support the trial court's finding that Horger's testimony met the five requirements for a new trial as set out in *State v. Caskey,* 273 S. C. 325, 256 S. E. (2d) 737 (1979). After reviewing the records of respondent's trial and post-conviction relief hearing, I believe there is ample evidence supporting the trial judge's finding.

Furthermore, a motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial judge. *State v. Irvin,* 270 S. C. 539, 243 S. E. (2d) 195 (1978). Absent error of law or abuse of discretion, this Court will not disturb his judgment. *State v. De Angelis,* 256 S. C.

364, 182 S. E. (2d) 732 (1971); *State v. Deese*, 266 S. C. 534, 225 S. E. (2d) 175 (1976). I believe the trial court made its decision without error of law or abuse of discretion.

The majority concludes that Horger's testimony fails the *Caskey* test because respondent was aware of, and had access to, the evidence of the alleged set-up at trial. Without a doubt respondent knew of the set-up at his trial; he contended his innocence based on the set-up from the very beginning. However, he did not subpoena Horger to be a witness at his trial because it would have been futile. Horger subsequently testified at the post-conviction relief hearing that he would not have admitted his involvement in framing respondent until he was promised immunity. I do not believe the other potential witnesses the majority refers to would have admitted their involvement without promises of immunity either. I fail to realize how respondent could have required Horger, Rotan, or Lawrence to admit to the frame-up.

Additionally, the majority doubts that Horger's testimony would change the outcome in a new trial because it was unbelievable. The majority judges Horger's credibility by stating he is an admitted liar, thief and drug dealer. However, the trial judge who viewed Horger as he testified concluded that Horger "appeared frank and candid in his testimony, and this court so finds him to be credible in his testimony as to this case." On appeal this Court should not weigh the credibility of the witnesses from the transcript; that function belongs to the trier of fact. *State v. Hamm*, 268 S. C. 340, 233 S. E. (2d) 698 (1977).

I believe there is ample evidence to support the trial court's finding that Horger's testimony met the five requirements for a new trial. I would affirm.