STANDARD OF REVIEW

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Willie E. Major,       
Appellant.
 
 
 

Appeal From Kershaw County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Opinion No. 2003-UP-87
Submitted November 20, 2002 - January 
 29, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Claire, of Columbia, 
 for appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney Charles H. Richardson, Assistant 
 Attorney David Spencer, and Solicitor Warren B. Giese, all of Columbia, for 
 respondent.
 
 
 

 PER CURIAM:  Willie E. Major was 
 convicted of grand larceny and three counts of third-degree burglary.  He was 
 sentenced to a total of five-years imprisonment on all charges. Major appeals, 
 arguing the trial court abused its discretion by denying Majors motion for 
 a new trial where after-discovered evidence demonstrated that a key witness 
 committed perjury.
FACTUAL/PROCEDURAL HISTORY
On July 8, 2000, Major, Steve Cannon, 
 and Gary Morris discussed renting two U-Haul trucks to use the next day in stealing 
 furniture and appliances from mobile homes.  Later that day, Major rented the 
 trucks in his name. 
At approximately 5:00 a.m. on July 9, 2000, Major 
 called Cannon to coordinate the pickup of the U-Haul trucks.  The three men 
 met at approximately 5:30 a.m. and drove the U-Haul trucks to a mobile home 
 park. They loaded the first truck with furniture and appliances taken from several 
 mobile homes. 
At approximately 7:30 a.m., a witness drove into 
 the mobile home park.  The witness noticed two U-Haul trucks and men loading 
 furniture into one of the trucks.  Believing this activity to be suspicious, 
 the witness called police.  After seeing the witness, Cannon and Morris immediately 
 drove the U-Haul trucks from the mobile home park.   Police stopped the vehicles 
 on the interstate. 
Major was subsequently indicted 
 for grand larceny and three counts of third-degree burglary.  A jury found him 
 guilty on all charges.  Major appeals.
STANDARD OF REVIEW
[A]bsent error of law or abuse of discretion, 
 an appellate court will not disturb the trial judges denial of the motion [for 
 a new trial based on after-discovered evidence]. State v. Needs, 333 
 S.C. 134, 158, 508 S.E.2d 857, 869 (1998).
DISCUSSION
Major argues the trial court abused its discretion 
 by denying Majors motion for a new trial where after-discovered evidence demonstrated 
 that a key witness committed perjury.

To prevail on a motion for a new trial based on after-discovered 
 evidence, a defendant must show (1) the evidence is such as will probably change 
 the result if a new trial is granted; (2) the evidence has been discovered since 
 the trial; (3) the evidence could not have been discovered prior to trial by 
 the exercise of due diligence; (4) the evidence is material; and (5) the evidence 
 is not merely cumulative or impeaching. 

Needs, 333 S.C. at 157-58, 508 S.E.2d at 
 869; Hayden v. State, 278 S.C. 610, 611, 299 S.E.2d 854, 855 (1983).
At trial, Major testified that on the 
 day of the incident he was not with Cannon and Morris.  Specifically, he stated 
 that from 7:00 a.m. until 8:00 a.m. he was at the Waffle House.  After leaving 
 the restaurant, Major stated he went to Morris house where he spent time talking 
 to Morris wife (Witness).  Major stated that he left Morris house at 11:00 
 a.m. 
In reply to this alibi testimony, Witness 
 testified that she left her house shortly before 6:00 a.m. to ensure that she 
 arrived at work on time.  She stated that her brother stayed at her house to 
 babysit her eleven-year-old daughter.  Witness testified that she returned to 
 the house at 1:00 p.m. 
After the close of evidence, Majors attorney 
 learned that Witness had committed perjury by saying that she had been at work 
 on the day of the incident.  Instead of being at work, she had actually left 
 the house to meet with a paramour. 
Despite Majors claim, his argument fails for several 
 reasons.  Major has failed to demonstrate the after-discovered evidence would 
 change the outcome in a new trial.  Major admitted to renting the two U-Haul 
 trucks.  Phone records establish that Major made phone calls to Cannon at 5:00 
 a.m. and at 5:30 a.m. on the day of the incident.  Several witnesses testified 
 that Major, Cannon, and Morris met around 5:30 a.m.  Both Cannon and Morris 
 testified that Major participated in the grand larceny and the robberies that 
 took place that morning.  Thus, even if a new trial were granted, the result 
 of the new trial would likely not be different from the original trial. See 
 Needs, 333 S.C. at 158, 508 S.E.2d at 869 (holding appellant did not 
 meet burden to show that after-discovered evidence would likely change the result 
 if a new trial was granted, even though the States case against appellant 
 was not overwhelming).
Additionally, Major has failed to show that he 
 acted with due diligence.  Witness was available before trial for the defense 
 to interview.  The defense chose not to interview her.  Thus, the fact that 
 Witness was not at work on the day in question could have been discovered by 
 Majors attorney if he had acted with due diligence. See State v. 
 Kelly, 285 S.C. 373, 374, 329 S.E.2d 442, 443 (1985) (holding trial court 
 properly denied motion for a new trial based on after-discovered evidence because 
 appellant did not make a showing that evidence could not have been discovered 
 with due diligence prior to trial when appellant and her private investigator 
 spoke to witness before trial but failed to adequately question the witness).
Furthermore, Major has failed to establish that 
 the after-discovered evidence did more than merely impeach Witness credibility.  
 The perjured testimony addressed Witness whereabouts after she left the house, 
 not whether she left the house.  Part of Majors alibi for the time when the 
 crimes were committed was that he was at Morris house having a conversation 
 with Witness from approximately 8:00 a.m. to 11:00 a.m.  Witness testified that 
 she left the house shortly before 6:00 a.m. and did not return until after 1:00 
 p.m., meaning that she was not at home during the time Major claims to have 
 visited with her.  In addition, both Morris and Witness brother testified that 
 the brother stayed at the house to watch the Morris daughter because neither 
 parent would be home after 6:00 a.m.  Thus, the perjured testimony merely impeached 
 Witness credibility and did not affect the strength of Majors alibi. See 
 State v. Caskey, 273 S.C. 325, 330, 256 S.E.2d 737, 739 (1979) (holding 
 defendant was not entitled to a new trial when after-discovered evidence merely 
 impeached the witness credibility and was not material to appellants guilt 
 or innocence).  Based on the above discussions, the trial court did not abuse 
 its discretion in denying Majors motion for a new trial.
CONCLUSION
For the foregoing reasons, the trial courts decision 
 is
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] Because oral argument would not aid the Court in resolving 
 any issue on appeal, we decide this case without oral argument pursuant to 
 Rule 215 and 220(b)(2), SCACR.