THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 City of Columbia, Respondent,
 v.
 Marie-Thérèse Assaad-Faltas, Appellant.
 
 
 

Appeal from Richland County
 G. Thomas Cooper, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-193
Heard February 6, 2007  Filed April 26, 2007
REVERSED

 
 
 
 Marie T. Assaad-Faltas, of Columbia, Pro
 Se.
 Dana M. Thye, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Marie-Thérèse Assaad-Faltas, M.D., M.P.H., appeals the circuit courts decision to reverse the municipal courts order granting her a new criminal trial.  We reverse. 
 
FACTS
On November 6, 2001, Faltas was arrested and charged with shoplifting after two Wal-Mart employees alleged they witnessed her remove several labels from multi-colored folders priced at $0.97 each.  The employees stated that Faltas replaced two labels on more expensive binders priced at either $4.97 or $3.97 each[1] with two of the $0.97 labels, and then she attempted to purchase the binders with the less expensive price labels on them.  A Polaroid photograph was purportedly taken of several multi-colored folders and the clear binders on the date of the incident.  Faltass receipt showed that she purchased two report covers for $0.97 each with UPC numbers 007878799671.
 
A few weeks prior to trial, Faltass attorney was made aware of the existence of the photograph.  He immediately sent a somewhat insulting letter to the City requesting that he have immediate access to the photograph.  The City responded in a short letter indicating that the case would be called for trial in two weeks and that Faltass attorney could make any pre-trial motions.  No motions were made concerning the photograph, and neither Faltas nor her attorney gained access to the photograph prior to trial. 
 
On the date of the trial, Faltass attorney moved to dismiss the shoplifting charge because:  the City did not have the original folders and binders from which Faltas was alleged to have switched labels; and the photograph of the purported items with switched labels mistakenly included the wrong binder, bringing into question whether Wal-Mart preserved the correct evidence.  The municipal court denied the motion to dismiss the charge and also denied Faltass attorneys motion to continue the case so he could appeal the denial of the motion to dismiss.[2]  The trial continued, with the City presenting the testimony of the two Wal-Mart employees who witnessed Faltas removing labels, the testimony of the arresting officer, and the introduction of the photograph.  According to a Wal-Mart employee who witnessed Faltass actions, after the photograph was taken, the incorrect labels were removed from the binders and disposed of, and the binders were returned to the store shelves.  A police officer testified at trial that he saw the evidence against Faltas, including the photograph, prior to transporting Faltas to jail. 
 
Faltas testified at trial that she had previously returned two clear binders to Wal-Mart and had inadvertently attached the wrong labels to them prior to returning them.  When she was in Wal-Mart on the date of the incident, Faltas testified she decided to correct her error and switch the incorrect labels for correct labels.  She stated she actually switched less expensive labels for more expensive ones and that she went on to purchase completely different report covers with the appropriate labels attached.  Faltas was convicted of shoplifting and fined $500.  Her conviction was affirmed by both the circuit court and this court on appeal.  City of Columbia v. Faltas, Op. No. 2005-UP-00143 (S.C.Ct.App. dated Mar. 1, 2005).  On May 18, 2005, the case was remitted after the supreme court denied her petition for certiorari.  
Faltas moved before the municipal court for a new trial based on after-discovered evidence, and a hearing was held on May 23, 2005, before the same municipal judge who presided over her criminal trial.  Faltas had previously been allowed to make a copy of the photograph admitted into evidence during her trial.  Based on a digitally enlarged copy, she argued that the photograph was not taken at the time of her arrest but was instead fabricated by the Wal-Mart employees at a later time because, among other reasons:  (1) stickers on the shelves in the background of the photograph were similar to the New Item stickers used in 2002, indicating that the photograph was taken in 2002, not when Faltas was arrested in 2001; (2) the UPC symbols on the items in the photograph did not match the UPC symbols from the items she allegedly changed the labels on and purchased; and (3) the photograph was taken of items from the stationary aisle, not the arts and crafts aisle where Faltas obtained the binders she purchased.  Faltas also introduced Wal-Marts UPC manual that indicated that every item, including similar items of the same color, had a unique UPC symbol.  Because the folders shown in the photograph were of different colors, Faltas argued that the UPC numbers on the labels would have different numbers.  Thus, she argued, it was impossible that she took two labels from the different colored folders to put on the larger binders because her receipt showed she purchased two items with identical UPC numbers.   
The municipal court issued an order granting Faltass motion for a new trial.  The municipal court found that Faltas raised very serious and disturbing questions concerning the veracity of the testimony presented against her by the two Wal-Mart employees about the photograph.  The court noted that the photograph entered against her at her trial could not have been made at the time of her arrest because the New Item stickers in the background were similar to the New Item stickers Wal-Mart copyrighted in 2002.  The court found significant the fact that the colored folders would have two different UPC numbers and the items Faltas purchased had two identical UPC numbers.  The court found the evidence had been discovered after trial, and could not by due diligence have been discovered prior to trial, because Faltas was not allowed to review the photograph until trial and therefore could not have made the digital enlargement until after trial.  The court noted that where the original evidence was not retained and the City failed to make the photograph available to the defense until trial, despite Faltass efforts to see it, and where it is later shown that the photograph itself could not be what it has been purported by the prosecution to be, it may be said that the prosecutions case is not merely impeached but thoroughly destroyed by the after discovered evidence.  The City appealed to the circuit court, arguing the municipal court made an error of law.
Faltas complained to the circuit court that the City did not have the right to appeal the order granting her a new trial.  The circuit court determined that the City did have the right to appeal and that the appeal was not interlocutory.  After reviewing the motion for a new trial, the transcript of the hearing, the evidence presented at the 2004 criminal trial, the briefs submitted by both parties, the affidavit of trial counsel, and the order granting a new trial, the circuit court concluded that the municipal courts order was in error and reversed the grant of a new trial.  The circuit court determined that the physical evidence presented at the hearing on the new trial motion did not lead to the conclusive result that the municipal court believed it did.  The circuit court found that Faltas had the opportunity at her criminal trial to challenge the photograph or request a continuance in order to further review the photograph, but she failed to do so.  Relying on the new trial standards set forth in State v. Caskey, 273 S.C. 325, 256 S.E.2d 737 (1979), the court held:  (1) the evidence would not likely change the result of the trial; (2) Faltas had the evidence available to her on the date of her trial, thus it was not discovered after trial; (3) the photograph could have been discovered prior to trial because Faltass trial counsel was made aware of the existence of the photograph two weeks prior to trial; and (4) the evidence was merely cumulative or impeaching.  The circuit court determined that the municipal court committed an error of law in granting a new trial, reversed the municipal courts order, and reinstated Faltass conviction.  Faltas appeals.
 
STANDARD OF REVIEW
In criminal appeals from magistrate or municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception.  State v. Henderson, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001); S. C. Code Ann. § 14-25-105 (Supp. 2006) (There shall be no trial de novo on any appeal from a municipal court.).  Thus, as with any appeal of a criminal case, the circuit court, in its appellate capacity, sits to review errors of law only and is bound by the factual findings of the trial court unless clearly erroneous.  See State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (holding that appellate courts in criminal cases only review errors of law and are bound by the factual findings of the trial court unless clearly erroneous).  This same scope of review applies to this court.  Id.; Henderson, 347 S.C. at 457, 556 S.E.2d at 692 (In reviewing criminal cases, this court may review errors of law only.).  
 
LAW/ANALYSIS
Citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-75 (1985),[3] for the proposition that appellate courts are not to determine the factual issues de novo, Faltas argues the circuit court erred in finding that the municipal courts determination was clearly erroneous.  We agree that the circuit court employed the wrong standard of review.[4]
It is well-settled that the granting of a new trial based upon after-discovered evidence is addressed to the sound discretion of the trial court once the movant has made the requisite showing that the new evidence:  (1) would likely change the result if a new trial were granted; (2) was discovered since the trial; (3) could not have been discovered prior to trial by the exercise of due diligence; (4) is material to the issue of guilt or innocence; and (5) is not merely cumulative or impeaching.  Caskey, 273 S.C. at 329, 256 S.E.2d at 738-39; see State v. Pierce, 263 S.C. 23, 31, 207 S.E.2d 414, 418 (1974) (noting that whether to grant a new trial based upon after-discovered evidence is within the trial courts discretion).
At the new trial hearing, Faltas:  submitted a digital enlargement of the photograph from trial; provided examples of Wal-Marts 2002 copyrighted New Item stickers that were similar to the ones in the photograph; provided UPC codes from paper folders; described where the photograph was taken; and described the differences between the folders based on either angled or rounded edges or lack of outer clasps or prongs.  Faltas alleged that this evidence derived from the original photograph proved that the two Wal-Mart employees either were mistaken or that they fabricated their testimony and the photograph well after the date of her arrest.  Faltass attorney also testified that, despite his repeated requests to see the photograph prior to trial, it was not provided to him.     
The municipal court was convinced that the digital enlargement of the photograph, and the evidence that was obtained as a result of the digital enlargement, constituted after-discovered evidence because Faltas was denied access to the photograph by the City.  Thus, despite her attorneys efforts to gain access to the photograph, Faltas could not have made the enlargement until after she was given access to the photograph after trial.  On appeal, the circuit court reviewed each piece of evidence introduced at the new trial hearing and made findings as to whether each piece of evidence was believable or supported the theory Faltas used it for.  The circuit court then performed a new analysis of the evidence pursuant to Caskey.  This was error.  Whether or not the circuit court agreed with the factual findings made by the municipal court, there was evidence presented at the new trial hearing to support the factual findings and the circuit court was bound by them.  
 
Thus, looking at the evidence, it was irrelevant that the circuit court would have ruled differently from the municipal court.  The circuit court was bound by the municipal courts factual findings and the inferences to be drawn therefrom.  Its power was limited to determining whether the municipal court made an error of law in granting the new trial, based on the facts as found by the municipal court.  Because there were facts to support the municipal courts legal analysis of the new trial motion, we find the circuit court erred in reversing the grant of the motion for a new trial.  We are likewise bound by the municipal courts factual findings and must employ the same scope of review as the circuit court was bound to employ.  Applying this scope of review, we find there was evidence to support the municipal courts findings, and thus, the municipal court did not abuse its discretion in granting the new trial motion.[5]
CONCLUSION
Because the circuit court erroneously conducted a de novo review of this matter, the circuit courts order reversing the municipal courts grant of a new trial and reinstating Faltass conviction is
 
REVERSED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1]  The testimony is not clear as to whether the clear binders Faltas allegedly attempted to purchase were Plaid brand binders or Cardinal brand binders, each with a different price.
 
[2]  Faltas fired her attorney after he called two witnesses, and Faltas completed the trial pro se.  
 
[3]  Anderson, a United States Supreme Court case, discusses the appellate courts role in federal cases to apply the clearly erroneous standard.  Anderson, 470 U.S. at 573-74 (If the . . . courts account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.).  As previously discussed, our state court cases hold a similar scope of review for circuit courts reviewing the findings of the municipal court or master-in-equity. 
 
[4]  Faltas also argues that the circuit court applied the wrong standard by relying upon State v. Caskey, 273 S.C. 325, 256 S.E.2d 737 (1979), in determining whether she was entitled to a new trial.  She asserts that State v. Spann, 334 S.C. 618, 513 S.E.2d 98 (1999), effectively overruled Caskey, thus the circuit court relied upon the wrong standard.  Initially, it does not appear from the record that this matter was ever ruled upon by the circuit court.  This matter is not preserved for review.  State v. Hicks, 330 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding that an issue was not preserved for appellate review where it was not raised to or ruled upon by the trial court).  Further, both Spann and Caskey outline the five elements that a defendant must meet in order to obtain a new trial based on after-discovered evidence.  Thus, Spann does not overrule Caskey.  See Spann, 334 S.C. at 619-20, 513 S.E.2d at 99 (outlining the five elements for the granting of a new trial based on after-discovered evidence); Caskey, 273 S.C. at 329, 256 S.E.2d at 739 (same).
[5]  Faltas raises numerous other arguments on appeal, including:  (1) the City was not entitled to appeal the grant of a new trial; (2) the appeal of the grant of a new trial violated the double jeopardy clause; (3) the City waived its grounds for appeal; (4) the circuit court erred by requiring her to file her brief simultaneously with the Citys without allowing her to respond to the brief and without holding a hearing on the merits; (5) the circuit court erred by requiring her, as the winning party before the municipal judge, to preserve additional sustaining grounds for appeal; and (6) the circuit court erred in finding the photograph was not after-discovered evidence.  Because we reverse this case based on the scope of review, we need not address Faltass remaining issues on appeal.