**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gary Lane Prewitt, Appellant.

Appellate Case No. 2013-001728

Appeal From Newberry County
Clifton B. Newman, Circuit Court Judge

Unpublished Opinion No. 2015-UP-523
Submitted October 1, 2015 – Filed November 18, 2015

**AFFIRMED**

Angie D. Knight and Jarrett S. Calder, both of Grand
Strand Law Group, LLC, of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and Solicitor David M. Stumbo, of
Greenwood, for Respondent.

**PER CURIAM:** Gary Lane Prewitt appeals the circuit court's denial of his motion
for a new trial based on after-discovered evidence. Prewitt argues the circuit court

erred in determining that a witness's recantation (1) would probably not have changed the result of a new trial, (2) was not after-discovered evidence, (3) would not be admissible at trial, (4) was not material, and (5) was successive in nature. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the witness's recantation would have changed the result of a new trial if one were granted: *State v. Harris*, 391 S.C. 539, 544-45, 706 S.E.2d 526, 529 (Ct. App. 2011) ("A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the [circuit court]."); *id.* at 545, 706 S.E.2d at 529 ("[T]his court will affirm the [circuit] court's denial of such a motion unless the [circuit] court abused its discretion."); *Hayden v. State*, 278 S.C. 610, 611, 299 S.E.2d 854, 855 (1983) ("A party requesting a new trial based on after-discovered evidence must show that the evidence . . . [i]s such as would probably change the result if a new trial was had."); *Harris*, 391 S.C. at 545, 706 S.E.2d at 529 ("The credibility of newly-discovered evidence is for the [circuit] court to determine."); *id.* ("Recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as ground for a new trial.").

2.  As to Prewitt's remaining arguments: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues when its disposition of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.