**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tiffany Ann Sanders, Appellant.

Appellate Case No. 2018-000210

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2020-UP-237
Submitted June 1, 2020 – Filed August 12, 2020

**AFFIRMED**

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Samuel M. Bailey, all of Columbia, for Respondent.

**PER CURIAM:**  Tiffany Ann Sanders appeals the trial court's denial of her motion for a new trial due to after-discovered evidence pursuant to Rule 29(b), SCRCrimP.  On appeal, Sanders argues an affidavit from Sean Kammerer proves she was not guilty of murder and the testimony was unavailable at trial because Kammerer's post-conviction relief (PCR) application was pending at the time of trial.  Because Sanders could have discovered Kammerer's potential testimony by exercising due diligence prior to her trial,[1] we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Caskey*, 273 S.C. 325, 329, 256 S.E.2d 737, 738 (1979) ("[A] motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the [circuit court] . . . ."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("'The granting of a new trial because of after-discovered evidence is not favored,' and this court will affirm the [circuit] court's denial of such a motion unless the [circuit] court abused its discretion." (quoting *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 197, 197–98 (1978))); *id.* (explaining a motion for a new trial due to after-discovered evidence must only be granted when the evidence: "(1) is such as would probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching").

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We note Kammerer was known to Sanders at the time of her trial, and Sanders's trial counsel acknowledged he did not call Kammerer to testify as a matter of trial strategy.  Further, Sanders does not provide any authority to support her proposition that Kammerer's pending PCR application rendered him unavailable to be interviewed or called to testify in her criminal proceeding.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.