14736

JOHNSTON v. BELK-McKNIGHT CO. OF NEWBERRY, S. C., INC.

(198 S. E., 395)

*Messrs. Alan Johnstone, Joseph C. Hiott* and *Benet, Shand & McGowan,* for appellant,

*Messrs. Blease & Griffith,* for respondent,

August 4, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent brought action to recover of the defendant damages for the alleged utterance of slanderous language in and about her, in connection with the forgery and utterance of a check bearing the name of Fred H. Dominick, which was accepted and cashed by the appellant, and which proved to be spurious.

The allegations of the complaint are to the effect that J. N. Beard, the manager of the appellant's mercantile store in Newberry, S. C., in the presence of others charged the respondent with having forged the check and with having it cashed at the store, and of having received in exchange for it certain merchandise and cash; that the charges were made and spoken of respondent by the said J. N. Beard maliciously and with intent to hold respondent up to hatred, ridicule and contempt.

The answer contains, as a first defense, an admission of the corporate capacity of the defendant, and a general denial. For a second defense: That whatever was said by J. N. Beard, manager of defendant's store, of, to, or concerning the plaintiff was said by him in good faith, without malice or ill will toward plaintiff, and in the investigation of the utterance of the said check, in the discharge of his duty.

For a third defense: That all acts done and committed by the defendant and its employees, with respect to the transaction described in the complaint and answer, were done and committed without malice or ill will against the plaintiff, and in good faith and in the prosecution of an inquiry relating to the commission of a crime, and in an effort to collect the money due the plaintiff.

The case was tried before Judge Oxner, with a jury, at the spring 1937, term of Court for Newberry County, and resulted in a verdict for the defendant. There was no appeal therefrom.

November 18, 1937, the respondent, plaintiff then, gave notice of a motion for new trial based on after-discovered evidence. The motion came on to be heard by his Honor, M. M. Mann, presiding Judge in the Eighth Circuit, who granted the motion by an order set out in the record. In support of the motion were several affidavits and documents, and in opposition thereto were other affidavits, all centering about the fact that at the September, 1937, term of the Court of General Sessions for Newberry County, William Laboon and Nancy Laboon, alias Nancy Griffin, had plead guilty to forging and uttering the check to which was signed the name of Fred H. Dominick, with the forging and uttering of which the respondent, it is alleged, was charged. This evidence, used on the hearing of the motion, is voluminous, embracing the whole of that, oral and documentary, taken on the trial of the case. We shall not attempt to reproduce even a synopsis of it, but shall adopt and follow the example of Judge Mann, who said in his order granting the motion for new trial:

"No special phase of the testimony is commented upon for the reason that this ruling can be made without any such definite references, and for the further reason that I do not care to express any opinion as to the credibility of any witness or probative value of any part of the testimony. This I wish expressly to leave to the jury who may pass upon the case."

From this order, the defendant appeals upon seven exceptions, which appellant's counsel elects to group and treat in argument under three heads.

Before coming to a consideration of the arguments on the appeal, it may be well to state the law regulating the consideration and determination of motions for new trial based on after-discovered evidence.

That matter is fully treated in the case of *McCabe v. Sloan,* 184 S. C., 158, 191 S. E., 905. This is the utterance of the Court thereabout, quoting 20 R. C. L., 290:

"In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear, (1) that the evidence is such as will probably change the result, if a new trial is granted. (2) That it has been dis-covered since the trial. (3) That it could not have been discovered before the trial by the exercise of due diligence. (4) That it is material to the issue. (5) That it is not merely cumulative or impeaching." (Page 908.)

As we gather from the able and ingenious argument of the counsel for appellant, he contends by Exceptions 1, 3, 6 and 7 that the Circuit Judge erred in granting the motion for new trial for the following reason. The defendant has not pleaded justification; but did plead general denial, privilege and lack of malice. That the newly discovered evidence relates solely to the question whether the plaintiff had in fact forged a check which was cashed by the defendant. He argues that such newly discovered evidence would not be admissible on a new trial because it would not be relevant to the issues made by the pleadings.

It is true that the defendant did not plead justification; that is to say, it did not plead the truth of the alleged slanderous utterances charged to it. But it did plead privilege and want of malice. Clearly these pleas, if well pleaded, were in mitigation of damages. In sustaining these pleas, it introduced the evidence of at least two witnesses to the effect that the plaintiff was the person who presented the forged check and received in return merchandise and cash.

We think the defendant had the right to offer such evidence in mitigation of damages. The effect of such evidence, if the jury believed it and acted upon it, was to prove the plaintiff guilty of forging, or at least of uttering, the forged check. We think this postulate will not be disputed.

It would seem then that evidence discovered after the trial, which tends to prove that persons other than the plaintiff committed and uttered the forgery, would be relevant and admissible, if such evidence conforms to the requirements regulating the granting of new trials on after-discovered evidence.

Again this Court takes occasion to say that it does not express nor intimate any opinion of the force and effect, or probative value of the evidence offered in support of, or that in opposition to, the motion for new trial.

It is specifically alleged as error that Judge Mann misapprehended the issues made by the pleadings when he said in his order: "The plaintiff is accused with having uttered and passed the alleged forged check"; the error being that the question at issue made by the pleadings was whether the manager of defendant's store uttered the alleged slanderous words of, to, and concerning the plaintiff as they are set out in the complaint. If there be some slight inaccuracy in the statement in the order, we do not see how it can be injurious to the respondent on a new trial. It is possible, it may be probable, that the Circuit Judge was misled into making that statement by the al-

legations contained in the third defense of the answer, to wit:

"On information and belief that on or about the fifth day on November, 1936, on an information sworn out by J. J. Hipp, an employee of the defendant, plaintiff was taken in arrest on a charge of forgery * * * on account of the transaction described in the Second Defense herein."

The appellant further contends, by Exceptions 2 and 4, that the Circuit Judge erred in granting the motion for new trial, under a misapprehension of the law and the facts, "in that he states in the order that the information sworn out by an agent of the defendant resulting in the arrest of the plaintiff, constituted the slander complained of, whereas the words, time and place of the alleged slander as stated in the complaint were unrelated as to time and place and independent of the information and warrant of arrest."

Strictly speaking, the language used by the Court and just above quoted may be inaccurate, but it cannot work injury to appellant. The case will not be tried again upon any statement contained in the order of Judge Mann, but upon the issues made by the pleadings and upon the evidence produced at the trial.

We do not think that the "inadvertent errors of fact" charged to the Circuit Judge show that his order was based upon a misapprehension of the facts and of the issues which had been presented in the case. The context of the whole order shows to our minds that his Honor correctly understood the issues made by the pleadings. He said:

"It having been brought to the attention of defendant that one of the checks which had been presented and accepted by this defendant was a forgery, the plaintiff was accused of having uttered and passed it, a warrant was issued and she was arrested on the appropriate charge. Later, the charges were withdrawn and the case against her dismissed.

"Then followed the present action brought by the plaintiff in which she sought to recover damages from defendant in an action for slander with allegations appropriate to the above substantially stated facts, *though no effort is here made to quote the literal allegations of the complaint.*" (Italics added.)

It is clear that the Circuit Judge did not confuse the action with one for malicious prosecution, or arrest.

The appellant further contends:

"That the Circuit Judge erred in holding * * * that 'all of the prerequisites to a motion of this character have been fully met,' the error being that certain prerequisites to a motion for a new trial on the ground of newly discovered evidence are: (a) that the evidence is such as will probably change the result if a new trial is granted; (b) that it is material to the issues raised by the pleadings and (c) that it is not merely for the purpose of impeaching testimony of witnesses at the trial. And the newly discovered evidence presented to the Circuit Judge is not such as would probably change the result of the trial; is not material to the issues raised by the pleadings; and is for the sole purpose of contradicting the testimony of witnesses for the defendant at the trial."

The appellant in its printed brief does not question that the evidence offered in support of the motion for new trial does meet the requirements of the second and third requirements found in the quotation hereinabove set out, taken from the opinion of this Court in *re McCabe v. Sloan,* *supra,* viz.: That it has been discovered since the trial; and that it could not have been discovered before the trial by the exercise of due diligence. But he does question the sufficiency of the offered evidence to meet the conditions of Subdivisions 1, 4 and 5. That is to say that it is such as would probably change the result on a new trial; that it is material to the issues; that it is not merely cumulative or impeaching.

We shall not analyze any of the newly discovered evidence; but content ourselves with saying that our opinion is that the evidence meets the requirements of Subdivisions 1, 2 and 3.

Is it *merely cumulative,* or impeaching?

In the case of *McCabe v. Sloan, supra,* this Court on the consideration of the question "What constitutes cumulative evidence?", adopted the following statement from 20 R. C. L., 297, Sec. 79.

*"What Constitutes. Cumulative Evidence.*—Cumulative evidence has been tersely defined as additional evidence of the same kind to the same point. It is apparent that there is a wide difference in meaning between the terms 'of the same kind' and 'to the same point', as used in the various definitions. Newly discovered evidence, to be cumulative, must not only tend to prove facts which were in evidence at the trial, but must be the same kind of evidence as that produced at the trial to prove those facts. If it is of a different kind, though upon the same issue, or of the same kind on a different issue, it is not cumulative. Nor is evidence cumulative in the legal sense which, while tending to establish the same general result, does it by proof of a new and distinct fact. To render evidence subject to the objection that it is cumulative, in the legal sense, it must be cumulative, not with respect to the main issue between the parties, but on some collateral or subordinate fact bearing on that issue. * * * Newly discovered evidence raising a new ground of claim or defense is, of course, not cumulative, nor is evidence explaining an apparent conflict in or contradicting, evidence offered at the trial. Newly discovered evidence of admissions has been held not to be cumulative to evidence of facts and circumstances."

From Section 72 of the same authority this is taken:

"As a general rule a new trial will not be granted on account of the discovery of facts and circumstances merely cumulative in their character. The reason of the rule is that

public policy, looking to the finality of trials, requires that the parties be held to diligence in preparing their cases for trial, and it is not, strictly speaking, an independent rule, but a mere corollary of the requirement that the newly discovered evidence must be such as to render a different result probable on a retrial of the case. The rule must, however, be taken in its proper sense, and is not to be understood as precluding a new trial in every case, where the new testimony relates to a point contested on the former trial; for if it were so a new trial could seldom, if ever, be granted in any case."

The Court adheres to the announcement there made.

Is the newly discovered evidence "impeaching"?. This term appears in connection with Subsection 5, which prescribes that the newly discovered evidence "must not be cumulative or impeaching."

We do not understand that the words "cumulative" and "impeaching" means the same thing. Cumulative evidence, as we have seen, supplements that which has already been testified. Impeaching must mean that which is outside the evidence already given, and impeaches that evidence; it may be by attacking the character, the motives, the integrity, or veracity of those who gave the testimony.

Black's Law Dictionary, Third Ed., page 922, gives this definition of the word "impeach":

"In the Law of Evidence—To call in question the veracity of a witness by means of evidence adduced for that purpose. The adducing of proof that a witness is unworthy of belief."

We do not understand that if the new evidence of independent facts show the inaccuracy of testimony, and thereby cast reflection upon the witnesses that gave the testimony, that the newly discovered evidence is obnoxious to the provisions of Subdivision 5 because it impeaches the witness in the legal meaning of the word "impeaching."

In their argument, counsel for appellant say:

"Since the plea of justification was not interposed by the defendant, it is submitted that evidence of truth or falsity of the alleged charge would not be admissible upon a re-trial of the cause. While it is true that under the law on slander evidence of the truth, even though justification be not pleaded, is admissible in mitigation of damages, it can-not be urged that it would be admissible in this case for that purpose. Because in the case at issue the verdict was for the defendant. No damages were awarded by the jury. The jury concluded in this case either that the slander was not uttered or that if it was uttered it was privileged or uttered without malice."

We are unable to accept the logic of this statement. The verdict of the jury in the case already tried can have no effect in the new trial. That verdict is set aside and a new trial ordered before another jury, which will not be bound by the action of the other jury.

Counsel use the above argument in connection with the proposition that the Circuit Judge erred in stating that the complaint was based upon the fact that the action for slander grew out of the arrest of plaintiff upon a charge of forgery. We have heretofore said, and repeat here, that if there be some slight inaccuracy in this statement of the trial Judge, it cannot hurt appellant, since the new trial will be had on the pleadings, and not upon any statement of the Court.

In the case of *State v. Johnson,* S. C., 198 S. E., 1, filed July 14, 1938, this is said:

"Furthermore, a motion of this kind [for new trial on after-discovered evidence] is addressed to the sound dis-cretion of the judge hearing it, and his refusal to grant it will not be interfered with by this Court, unless an abuse of discretion is shown, amounting to manifest error of law. This the appellant has failed to show."

That rule applies with equal force to an order granting the motion for new trial.

No abuse of discretion amounting to manifest error of law is shown by appellant in this case.

The order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

MR. JUSTICE CARTER did not participate on account of illness.