19782

John W. CHAMBERS, Appellant, v. The STATE of
South Carolina, Respondent.

(203 S. E. (2d) 426)

*W. Clarkson McDow, Jr., Esq.,* of *McDow & McDow,* Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* and *Stephen T. Savitz, Staff Atty.,* of Columbia, *for Respondent,*

March 5, 1974.

Moss, Chief Justice:

John W. Chambers, the appellant herein, was indicted at the 1971 November Term of the Court of General Sessions for York County on three separate indictments charging him with rape, assault and battery with intent to kill, and armed robbery. The court appointed two members of the York County Bar to represent the appellant. Upon arraignment on December 20, 1971, the appellant entered a plea of "not guilty." The cases were called for trial, on December 22, 1971, at which time the appellant entered a plea of "guilty" to all charges. A jury was empaneled and the question of punishment as to the charge of rape was submitted to the jury. The jury recommended mercy and the appellant was sentenced to confinement for a period of forty years on the rape conviction; twenty years on the charge of assault and battery with intent to kill; and twenty-five years on the charge of armed robbery. All sentences were to be served consecutively.

The appellant, on May 16, 1972, filed his application, *pro se,* for post-conviction relief, *in forma pauperis,* in the Court of Common Pleas for York County, pursuant to Section 17-601 *et seq.,* of the Code. The appellant alleged his appointed counsel failed to render, in several particulars, effective and adequate representation at his trial, which resulted in involuntary and unintelligent pleas of guilty. He asked that he be granted a new trial.

The State of South Carolina, the respondent herein, on August 28, 1972, filed a return and a motion to summarily dismiss the appellant's application for post-conviction relief. The return incorporated a transcript of the proceedings had at the time the appellant entered his pleas of guilty.

The trial judge, by his order dated September 9, 1972, dismissed and denied the application of the appellant for

post-conviction relief but, pursuant to Section 17-606 of the Code, as amended, granted the appellant fifteen days from the date of the order to show cause why it should not become final.

The appellant, on September 18, 1972, requested the court to extend the fifteen day limit set out in the order to three months asserting that he was presently confined in the South Carolina Department of Corrections and was of unsound mind. The trial judge, on March 24, 1973, finally dismissed the appellant's application for post-conviction relief stating that the appellant had taken no further action and no response had been received as provided in the order of September 9, 1972. The appellant was not represented by counsel at any time between the time of the imposition of sentences on December 22, 1971, and the order finally denying his application for post-conviction relief. The appellant served notice of intention to appeal from the order of the lower court dismissing his application for post-conviction relief. After the appellant had served his notice of intention to appeal to this Court, the trial judge, on April 6, 1973, appointed present counsel for the purpose of perfecting this appeal.

The appellant charges the trial judge with error in dismissing his application for post-conviction relief without conducting an evidentiary hearing.

The trial judge, on the basis of the application, the return of the respondent and after reviewing the trial record, concluded, "pursuant to Section 17-606(b) of the Code, as amended, that the application is without merit and there is no issue of material fact which would require an evidentiary hearing."

Under Section 17-606(b) of the Code, as amended, it is provided that "disposition on the pleadings and record is not proper if there exists a material issue of fact." The application here of the appellant alleged that his appointed counsel failed to render, in several par-

ticulars, effective and adequate representation at his trial, and as a result thereof, he entered an involuntary and unintelligent plea of guilty to the charges against him. While these allegations are denied by the return, it cannot be fairly said that all of them are conclusively refuted by the record. It follows that the application states facts sufficient to require an evidentiary hearing.

The Uniform Post-Conviciton Procedure Act, Section 17-611, provides that the Supreme Court may adopt such rules as it shall deem necessary to effectuate the purposes of the Act. Pursuant to such authority, this Court adopted Rule 5 which provides:

"After return is made by the State, if the application presents questions of law or issues of fact requiring a hearing, the court shall appoint counsel promptly to assist the applicant if he is an indigent person."

The judgment of the lower court is reversed and this case remanded thereto for an evidentiary hearing as to whether or not the appellant had the effective assistance of counsel when he entered his pleas of guilty, and the court shall appoint counsel to assist the appellant at such hearing.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.