20352

The STATE, Respondent, v. Jerome McGUINN, Appellant.

(232 S. E. (2d) 229)

*Ann M. Stirling,* of Charleston, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Sally G. Young, Staff Atty.,* of Columbia, *and Robert B. Wallace, Sol.,* of Charleston, *for Respondent,*

January 27, 1977.

LITTLEJOHN, Justice:

The appellant, Jerome McGuinn, was tried by a jury and convicted of possession of marijuana with intent to distribute and was sentenced to three years in prison. He appeals.

The charge against appellant arose out of the search (with a warrant) of an apartment at 341 King Street in Charleston. No one was at home at the time of the search. The police officers found and seized a large quantity of marijuana; in addition, they discovered and seized two letters in envelopes addressed to the appellant at 341 King Street, Charleston, S. C., and also several photographs in which the appellant appears.

In the trial of the case it was incumbent upon the State to prove that the appellant possessed the marijuana and, accordingly, the question of who lived at this address was important. Over objection of appellant's counsel, the letters, envelopes and photographs were ruled admissible in evidence

by the trial judge. Because of the nudity and possible prejudice, the photographs were not shown to the jury after counsel for the appellant agreed to stipulate that the appellant did appear in the photographs. The appellant alleges error on the part of the trial judge in admitting the letters and envelopes into evidence on the grounds of (1) the impropriety of their seizure, (2) the prejudicial effect of the letters, and (3) the hearsay nature of the envelopes.

Contrary to the argument of the appellant, police officers properly seized the letters and photographs in question during their search of the premises, authorized by the search warrant. While the warrant, on which the police officers acted, authorized a search for marijuana and other drugs only, the letters and photographs constituted "mere evidence" and were properly seized under the requirements enunciated in *Warden v. Hayden,* 387 U. S. 294, 87 S. Ct. 1642, 18 L. Ed. (2d) 782 (1967). Specifically, *Warden* requires that there be a *nexus* between the items seized and some criminal behavior. The letters and photographs helped the police in initially establishing who resided at the address. Further, they served as evidence of actual residency, which was essential in establishing possession and control of the marijuana.

The contention of appellant that the introduction of the letters into evidence was prejudicial is without merit. As noted by the respondent in its brief, the only real source of potential prejudice was simply a drawing of some sort on the back of one of the letters. This "unusual pen drawing" on the back of the letter is a type of modern art conveying no meaning to this Court, and we will not presume that such prejudiced the jury. All exhibits have been displayed to this Court and we agree with the trial judge that they were admissible in evidence.

The appellant argues that the envelopes addressed to him at 341 King Street, Charleston, S. C., constituted hearsay. He submits, in effect, that he should be permitted to cross-examine the person who addressed the letters.

We do not think that the letters come within the hearsay rule. They were circumstantial evidence, at best, tending to prove that the appellant resided at this address because he received mail there. If books on the shelf were found with the appellant's name in them, or luggage found with the appellant's label on it, or a nameplate found on the mailbox, it would hardly be argued that such was inadmissible to prove residency. The envelopes and the pictures were merely circumstantial evidence, tending to prove residency and, in turn, possession. There was other evidence tending to prove residency. We find no error.

Appellant's final exception deals not with his conviction but concerns the sentencing procedure of the trial court. The record reflects that the following occurred at the time of sentencing:

"Judge Peeples: Approach the bench for sentencing. Mr. Rosenblum [prosecuting attorney], let me ask you something.

"Miss Stirling: Your Honor, is this concerning this case?

"Judge Peeples: It might.

"Miss Stirling: May I approach the bench then?

"Judge Peeples: No, ma'am. I've discussed things in this case with you outside Mr. Rosenblum's presence. I believe I can speak to Mr. Rosenblum in private, Miss Stirling.

"Miss Stirling: Well, we're approaching the bench for sentencing and it could be crucial.

"Judge Peeples: Well, would you like for me to take a recess so I can go in chambers and talk to Mr. Rosenblum? If you'd like for me to do that, I'll be glad to do so.

"Miss Stirling: No, sir, Your Honor, but if there's any discussion about any sentencing in this case I'd prefer that it be on the record."

It is appellant's position that exclusion of counsel from the conversation in question effectively denied him his Sixth

Amendment right to counsel at sentencing and therefore he is at least entitled to be resentenced with all discussion between the court and counsel included in the record. We agree.

It is not likely that anything improper was said between the judge and the prosecuting attorney (for whom this Court has high esteem), but prejudice is possible. In that this discussion was off the record, this Court has no way of knowing whether the rights of the appellant were prejudiced and, accordingly, we remand to the lower court for the purpose of resentencing. Under our system of rotating judges, it is not likely that the same judge will be holding a court of general sessions in Charleston; any other circuit judge having jurisdiction in that circuit is authorized to impose the sentence. If the defendant has been incarcerated pending this appeal, he should, of course, be given credit for time served.

Conviction Affirmed; Remanded for Resentencing.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.