20535

Nathaniel DELANEY, Appellant, v. STATE of South Carolina, Respondent.

(238 S. E. (2d) 679)

*Pinckney H. Walker,* of Charleston, *for Appellant.*

*Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Katherine W. Hill, Asst. Attys. Gen.,* of Columbia, *for Respondent.*

October 31, 1977.

*Per Curiam:*

Appellant was convicted of distribution of heroin and sentenced to fifteen (15) years imprisonment. No direct appeal was taken from that conviction. Appellant's application for post-conviction relief on the grounds of ineffective assistance of counsel was dismissed without a hearing. This appeal is from that dismissal.

Appellant's present counsel has filed a brief under authority of *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), asserting that there are no meritorious grounds for appeal and requesting permission to withdraw from further representation.

The rule in this State is that where an application for post-conviction relief alleges specific instances of ineffective assistance of counsel, which allegations are not conclusively refuted by the record before the lower court, a question of fact is raised which can only be resolved by a hearing in the lower court. *Rogers v. State,* 261 S. C. 288, 199 S. E. (2d) 761 (1973); *Chambers v. State,* 262 S. C. 202, 203 S. E. (2d) 426 (1974); *Coardes v. State,* 262 S. C. 493, 206 S. E. (2d) 264 (1974). In this case we find that appellant's allegation that he was denied effective assistance of counsel because he was unaware of his right to appeal could not have been conclusively refuted on the basis of the record before the lower court.

Accordingly, counsel's request to withdraw is denied, the dismissal of appellant's application for post-conviction relief is reversed, and the case is remanded for an evidentiary hearing on the allegations of ineffective assistance of counsel.

GREGORY, J., not participating.