20933

Henry T. LOCKLEAR, Appellant, v. James L. HARVEY, Warden, Kirkland Correctional Institution, Attorney General, Respondents.

(254 S. E. (2d) 293)

*Stephen R. Fitzer* and *R. Howard Grubbs,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Staff Atty. B. J. Willoughby,* Columbia, *for respondents.*

April 11, 1979.

*Per Curiam:*

Appellant was convicted of rape and was sentenced to twenty-four (24) years imprisonment. This appeal is from a denial after a hearing of appellant's application for Post-Conviction Relief.

The testimony at the Post-conviction hearing established that, at some time during the trial proceedings, after the jury had begun its deliberations but before sentencing, a meeting was held, off the record, at the request of the trial judge between himself, the prosecuting witness, her mother and the solicitor. Neither defense counsel nor the defendant was invited or given notice of the meeting. According to the testimony at the Post-conviction hearing, the trial judge took the opportunity to apologize to the victim and her mother on behalf of the State of South Carolina and to explain to them that if a guilty verdict was returned, he was not inclined to give the defendant the maximum penalty because of his long years of service in the army.

The judge at the Post-conviction hearing found that the meeting did not work to the disadvantage of the applicant and that therefore, no prejudice was demonstrated. The lower court also found that the defense counsel was not ineffective because of his failure to attend the meeting.

Because defense counsel was excluded from the meeting, and because the discussion was off the record, this Court has no way of knowing whether the rights of appellant were prejudiced. While it is unlikely that anything improper was said, it is the possibility of prejudice that we are concerned with.

Under the principles of *State v. McGuinn*, 268 S. C. 112, 232 S. E. (2d) 229 (1977), it is clear that appellant's sixth amendment right to counsel at sentencing was effectively denied him. Accordingly, we remand to the lower court for

the purpose of resentencing. Any other circuit judge having jurisdiction in the trial circuits is authorized to impose the sentence. The defendant shall be given credit for time served since the conviction.

The other issues raised by appellant are without merit and are adequately covered by established principles of law. Accordingly, they are dismissed under Rule 23 of the Rules of Practice of this Court.