23897

Johnny CLARK, Respondent v. STATE of South Carolina, Petitioner.

434 S.E. (2d) 266

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine,* and *Asst. Atty. Gen. Delbert H. Singleton,* Columbia, *for petitioner.*

*Asst. Appellate Defender Wanda H. Haile* of *South Carolina Appellate Defense,* Columbia, *for respondent.*

Submitted Apr. 20, 1993.

Decided July 12, 1993.

MOORE, Justice:

We granted the State's petition for writ of certiorari to review the order granting postconviction relief (PCR) to Respondent Johnny Clark. We reverse.

## FACTS

Respondent was convicted of committing a lewd act upon a minor and attempting to commit criminal sexual conduct

(CSC) on a minor, first degree. Respondent met the victim's biological mother, Grace Clark, in 1986 and they were married in April 1987. The victim, Amanda York, was almost five years old when the offense occurred in November 1987. Grace testified she discovered the offense upon returning home from visiting a neighbor. Grace walked in on Respondent putting his penis back into his pants and Amanda was crying. She further testified there was semen around Amanda's mouth and Amanda told her, "It tastes nasty." Grace testified she took her children to the neighbor's house but never contacted anybody regarding the incident.

Soon thereafter, the Department of Social Services (DSS) began an investigation regarding reports of abuse and neglect of Amanda and her half-brother. While Amanda was in foster care, the sexual abuse was discovered. Grace was charged with misprision of a felon for failing to report the CSC. In exchange for her testimony at trial, the charge against her was dismissed.

In March 1991, Amanda's adoptive parents obtained her records from DSS upon the completion of the adoption process. Amanda's medical records from the North Carolina Department of Human Services were in the DSS file. Within the medical records, there was an entry which contained the following two notations: "warts venereal (?)" and "venereal (?) warts." This entry was dated December 1984, when Amanda would have been two years old and prior to Respondent's involvement with the family. Apparently there was no further investigation by the North Carolina authorities and Amanda was referred to a dermatologist for treatment. Later entries make no further mention of the warts.

### ISSUES

1) Did the PCR judge err in granting Respondent a new trial based on newly discovered evidence?

2) Did the PCR judge err in finding the State withheld exculpatory or impeaching evidence?

### DISCUSSION

To obtain a new trial based on after-discovered evidence, the party must show that the evidence:

(1)  would probably change the result if a new trial is had;
(2)  has been discovered since the trial;
(3)  could not have been discovered before trial;
(4)  is material to the issue of guilt or innocence; and
(5)  is not merely cumulative or impeaching.

*See e.g., Hayden v. State,* 278 S.C. 610, 299 S.E. (2d) 854 (1983) (citing *State v. Caskey,* 273 S.C. 325, 256 S.E. (2d) 737 (1979). Respondent contends he could have used the information to further impeach Grace and question Amanda to determine if she was confusing him with another male who had assaulted her earlier. The PCR judge held "the information contained material facts which might have been exculpatory or used on cross-examination for impeachment purposes." Furthermore, he held Respondent "could have used the information to obtain the services of a psychiatrist and could have also used the information to cross-examine Grace Clark and Amanda York." Whether a psychiatrist would testify Amanda was abused by two men and had gotten the incidents confused is pure conjecture. We find Respondent failed to establish the result would probably change if a new trial is had. *See State v. South,* — S.C. —, 427 S.E. (2d) 666 (1993). Therefore, we hold the PCR judge erred in granting Respondent a new trial.

In addition, the PCR judge held under *State v. Bryant,* — S.C. —, 415 S.E. (2d) 806 (1992), evidence which was not turned over under *Brady*[1] requires reversal. We find *Bryant* inapplicable to this case. In *Bryant,* this Court held a trial judge should not rule evidence is exculpatory or impeaching without first inspecting the evidence. We did not address whether the evidence was exculpatory or impeaching.

*Brady* requires the State to disclose evidence in its ▉ possession favorable to the accused and material to guilt or punishment. *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed. (2d) 40 (1887). Impeachment or exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed. (2d) 481 (1985).

---

[1] *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. (2d) 215 (1963).

We hold the notations in the medical records were not material exculpatory or impeaching evidence because there is no reasonable probability the result would have been different had the evidence been disclosed. Therefore, the PCR judge erred in granting Respondent a new trial.

We need not address whether the information was within the prosecution's control since we find the evidence was not subject to disclosure.

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.