737 S.E.2d 623

**John Curtis McCOY, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**Appellate Case No. 2010–178927.**

**No. 27214.**

Supreme Court of South Carolina.

Submitted Nov. 1, 2012.

Decided Feb. 6, 2013.

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Suzanne H. White, all of Columbia, for the State.

Justice KITTREDGE.

Petitioner John Curtis McCoy appeals the summary dismissal of his second post-conviction relief (PCR) application, which alleged recently discovered juror misconduct, on the grounds it was successive, untimely, and failed to prove a newly discovered evidence claim. We reverse and remand this matter for an evidentiary hearing. Further, for the benefit of the bench and the bar, we clarify the proper legal standard for claims involving juror misconduct.

## I.

Petitioner was indicted for first-degree burglary and assault and battery with intent to kill. Petitioner's case was called to trial on June 14, 2005. During *voir dire,* at defense counsel's request, the trial judge asked the potential jurors if they were related by blood or marriage to any person employed in the Seventh Circuit Solicitor's office. Seven potential jurors responded affirmatively; however, Juror 84, who ultimately served on the final jury panel, did not respond or disclose that her cousin was married to the Seventh Circuit Solicitor. The defense exercised only four of its ten peremptory strikes during the jury selection process. At the conclusion of his trial, Petitioner was convicted of both offenses.

Following the dismissal of his direct appeal and first PCR application, Petitioner reviewed a fellow inmate's case in November 2009 and discovered the inmate's trial took place the day after Petitioner's. The inmate's trial was before a different trial judge but in the same courthouse. During voir dire for the inmate's trial, Juror 84—the same juror who served on the final panel in Petitioner's trial—advised the court that her cousin was married to the Seventh Circuit Solicitor.

A few days after making this discovery, Petitioner filed his second PCR application, arguing he was denied his Sixth Amendment right to a trial by an impartial and objective jury. In support of his claim, Petitioner submitted an excerpt of the voir dire transcript wherein Juror 84 revealed her relationship to the Solicitor and a copy of defense counsel's requested *voir dire* from his own trial, which included the specific question to which Juror 84 failed to respond. Petitioner argued that Juror 84's concealment deprived him of information material to his intelligent use of peremptory challenges, which, in turn, deprived him of his constitutional right to trial by an impartial jury. Petitioner averred that, if he had been aware of the juror's relationship to the Solicitor at trial, his use of peremptory challenges would have been different. Petitioner further argued he could not have previously raised this issue because the juror's concealment of her relationship to the Solicitor, in and of itself, rendered the information unavailable to him until four years after trial when he discovered the information in a fellow inmate's case file. As noted, this occurred after both his direct appeal and first PCR application were dismissed. Petitioner further contended his claim fell within the "discovery rule" exception to the one-year limitation period and was therefore timely.

The State filed a motion to dismiss Petitioner's PCR application, arguing it was successive and barred by the statute of limitations. Regarding successiveness, the State claimed Petitioner failed to present sufficient reason why he could not have raised the current allegations in his previous PCR application. Further, the State contended the application was untimely because it was not filed within the one-year limitation period applicable to PCR actions. The State also contended Petitioner's claim "that he has discovered evidence that he was not tried by a fair and impartial jury lack[ed] merit" because

Petitioner failed to provide any corroborating information or demonstrate how his allegations satisfied the five-pronged test for newly discovered evidence.[1]

The PCR judge granted the State's motion for summary dismissal, finding Petitioner's claim was untimely because it was not filed within one year of trial. The PCR judge also found Petitioner's claim was successive because it could have been raised in his first PCR application and failed to prove a claim based on newly discovered evidence. Specifically, the PCR judge found that, because Petitioner failed to "offer any detail as to how this information would have affected his trial had it been known at that time, or how and when it was discovered," Petitioner failed to establish "sufficient reason" why the current allegations could not have been raised in his previous PCR application. We granted certiorari to review the PCR judge's summary dismissal of Petitioner's claim.

## II.

### A.

Petitioner argues his second PCR application should not have been summarily dismissed and asks this Court to reverse and remand this matter for a hearing. We find summary dismissal was error because genuine issues of material fact exist as to whether Petitioner's claim is successive or barred by the statute of limitations.

A PCR application ordinarily must be filed within one year after a conviction or, if a direct appeal is taken, one year after the remittitur is sent to the trial court. S.C.Code Ann. § 17–27–45(A) (2003). However, section 17–27–45(C) provides that if a PCR applicant discovers "material facts not previously

---

1. *See, e.g., Clark v. State,* 315 S.C. 385, 434 S.E.2d 266 (1993). *Clark* provides:

   To obtain a new trial based on after discovered evidence, the party must show that the evidence:
   (1) would probably change the result if a new trial is had;
   (2) has been discovered since trial;
   (3) could not have been discovered before trial;
   (4) is material to the issue of guilt or innocence; and
   (5) is not merely cumulative or impeaching.
   *Id.* at 387–88, 434 S.E.2d at 267 (citing *Hayden v. State,* 278 S.C. 610, 299 S.E.2d 854 (1983)).

presented and heard that require[ ] vacation of [his] conviction or sentence," he may file a PCR application "within one year after the date of actual discovery ... or after the date when the facts could have been ascertained by the exercise of reasonable diligence."

A PCR applicant must allege all available grounds for relief in his original application; any ground not raised in the original application may not be the basis for subsequent applications unless the court finds a ground for relief asserted which, for sufficient reason, was not raised in the original application. S.C.Code Ann. § 17–27–90.

■■■ "The [PCR] court may grant a motion by either party for summary disposition of the [PCR] application when ... there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." S.C.Code Ann. § 17–27–70(c). When considering the State's motion for summary dismissal, where no evidentiary hearing has been held, the PCR judge must assume facts presented by the applicant are true and view those facts in the light most favorable to the applicant. *Leamon v. State*, 363 S.C. 432, 434, 611 S.E.2d 494, 495 (2005) (citing S.C.Code Ann. § 17–27–80). Where an applicant alleges facts that would establish an exception to either the statute of limitations or the prohibition against successive PCR applications and those facts are not conclusively refuted by the record before the PCR court, a question of fact is raised which can only be resolved by a hearing. *Cf. Delaney v. State*, 269 S.C. 555, 556, 238 S.E.2d 679, 679 (1977).

■■■ As to the timeliness issue, we conclude the PCR judge misconstrued section 17–27–45(A) in finding Petitioner was required to file his claim within one year after his trial, rather than one year after the remittitur was sent from his direct appeal. The time limitation in § 17–27–45(A) provides that, where a defendant appeals his conviction (as Petitioner did), the one-year period begins the date the remittitur is sent by the appellate court—not the date of conviction. Further, the PCR judge apparently overlooked the discovery rule in section 17–27–45(C), which allows one year after the discovery of "material facts not previously presented and heard that require[ ] vacation of the conviction or sentence" to file a PCR

application. Petitioner argued he did not discover the juror's misconduct until November 2009, and he promptly filed his second PCR application after making that discovery. Because Petitioner's claim that he is entitled to the benefit of the discovery rule is not conclusively refuted by the record, the PCR judge erred by summarily dismissing Petitioner's claim.

■ We also find a genuine issue of fact exists as to whether Petitioner's claim is successive under section 17–27–90, which permits an applicant to file a subsequent PCR application only if the applicant demonstrates a sufficient reason why the claims asserted therein were not asserted previously. Petitioner avers he has demonstrated sufficient reason why his claim was not included in his first PCR application in that the juror's misconduct was not discovered until after his first PCR application was dismissed. However, the State contends the juror's misconduct could have been discovered earlier through the exercise of due diligence and, therefore, Petitioner has failed to state a "sufficient reason." Based on this factual dispute, a hearing is necessary to resolve this critical issue.

Although Petitioner's PCR claim may ultimately prove to be untimely, successive, or perhaps unsuccessful on the merits, the PCR judge erred in granting the State's motion for summary dismissal because genuine issues of material fact exist as to whether Petitioner's PCR claim is successive or untimely. *See Leamon*, 363 S.C. at 434, 611 S.E.2d at 495 (citing S.C.Code Ann. § 17–27–70(b)–(c)) (noting summary dismissal of a PCR application without a hearing is appropriate only when it is apparent on the face of the application that (1) there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief).

### B.

■ For the benefit of the bench and bar, we address the frequent but erroneous application of the standard newly discovered evidence framework in summarily dismissing PCR claims involving juror misconduct. Where a PCR applicant alleges juror misconduct, we reject application of the *Clark* five-pronged newly discovered evidence standard, as it does not lend itself to properly evaluating a claim of juror miscon-

duct. In addition, the *Clark* framework is not conducive for determining whether a PCR applicant is entitled to a hearing where intentional juror concealment is alleged.

■■ The standard test governing newly discovered evidence is properly applied when relief is sought based on evidence discovered post-trial that is material to the accused's guilt or innocence. *See, e.g., State v. South,* 310 S.C. 504, 507, 427 S.E.2d 666, 668 (1993) (noting that to obtain a new trial based on newly discovered evidence, the evidence must be material to the issue of guilt or innocence). However, juror misconduct discovered post-trial is not properly considered "newly discovered evidence"; rather, it is a separate basis for a new trial. *See, e.g., State v. Sheppard,* 155 Vt. 73, 582 A.2d 116, 118 (1990) (noting evidence of juror misconduct is not properly considered newly discovered evidence because it has no bearing on the issue of innocence or guilt and does not concern the substance of the State's case or an accused's defense).

■ Because juror misconduct is a separate basis for a new trial, it is governed by a separate standard. Provided a claim is timely raised, a new trial is warranted on the basis of juror misconduct if it is shown that (1) the juror intentionally concealed information; and (2) the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. *See State v. Woods,* 345 S.C. 583, 587–89, 550 S.E.2d 282, 284 (2001) (finding that a juror's intentional failure to disclose a relationship gives rise to an inference of bias and rejecting the State's argument that a new trial should be warranted only where an individual shows he was prejudiced by the juror's failure to disclose information); *State v. Kelly,* 331 S.C. 132, 145–46, 502 S.E.2d 99, 106–07 (1998) (recognizing that trial judges and attorneys cannot fulfill their duty to screen out biased jurors without accurate information and finding that the first inquiry in the juror disqualification analysis is whether the juror intentionally concealed information during *voir dire* ). Further, evaluating the merits of a juror misconduct claim is a fact-intensive inquiry, which is most appropriately conducted after a hearing. *See State v. Sparkman,* 358 S.C. 491, 496, 596 S.E.2d 375, 377 (2004)

("Whether a juror's failure to respond [during *voir dire*] is intentional is a fact intensive determination that must be made on a case-by-case basis.").

Therefore, in the context of PCR allegations involving juror misconduct, the standard five-pronged newly discovered evidence test, as set forth in *Clark*, has no application and should not be used as the basis for summary dismissal. Rather, juror concealment claims are governed by the analysis set forth in *Woods*, and such case-by-case determinations are most appropriately made after a hearing, which allows the factual circumstances to be more fully developed.

### III.

For the reasons stated above, we find the PCR judge erred in summarily dismissing Petitioner's application because genuine issues of material fact exist as to whether his claim is successive or time-barred. Thus, we reverse the dismissal of Petitioner's second PCR application and remand the matter for a hearing. If, upon remand, the court determines Petitioner's claim is not untimely or successive, the court shall consider the merits of the second PCR application.

**REVERSED AND REMANDED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.