**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael E. Hawkins, Appellant.

Appellate Case No. 2013-001296

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2016-UP-326
Submitted May 1, 2016 – Filed June 22, 2016

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General John Benjamin Aplin,
both of Columbia; and Solicitor Isaac McDuffie Stone,
III, of Bluffton, for Respondent.

**PER CURIAM:** Michael E. Hawkins appeals the plea court's denial of his motion to vacate or withdraw his guilty plea entered under *North Carolina v. Alford*,[1] arguing the plea court erred in denying his motion based on (1) after-discovered evidence and (2) unsupported disparate sentencing for his codefendants. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the plea court erred in denying Hawkins's motion to vacate or withdraw his guilty plea based on after-discovered evidence: *State v. Herndon*, 403 S.C. 84, 95, 742 S.E.2d 375, 381 (2013) ("[T]he defendant entering an *Alford* plea is still treated as guilty for the purposes of punishment, and simply put, is not owed anything merely because the State and the court have agreed to deviate from the standard guilty plea."); *State v. Rice*, 401 S.C. 330, 331-32, 737 S.E.2d 485, 485 (2013) ("[I]n South Carolina, a guilty plea constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights."); *Clark v. State*, 315 S.C. 385, 387-88, 434 S.E.2d 266, 267 (1993) ("To obtain a new trial based on after[-]discovered evidence, the party must show that the evidence: (1) would probably change the result if a new trial is had; (2) has been discovered since the trial; (3) could not have been discovered before trial; (4) is material to the issue of guilt or innocence; and (5) is not merely cumulative or impeaching.").

2. As to whether the plea court erred in denying Hawkins's motion to vacate or withdraw his guilty plea based on unsupported disparate sentencing for his codefendants: *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) ("[T]his Court has no jurisdiction to review a sentence, provided it is within the limits provided by statute for the discretion of the [plea] court, and is not the result of prejudice, oppression or corrupt motive."); S.C. Code Ann. § 16-11-311(B) (2015) ("Burglary in the first degree is a felony punishable by life imprisonment . . . . The court, in its discretion, may sentence the defendant to a term of not less than fifteen years.").

**AFFIRMED.**[2]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] 400 U.S. 25 (1970).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.