**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

David Rocquemore, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2015-001213

---

Appeal from Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2018-MO-018
Submitted December 15, 2017 – Filed April 25, 2018

---

**REVERSED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Attorney General Alan M. Wilson and Assistant Attorney General Justin J. Hunter, both of Columbia, for Respondent.

---

**PER CURIAM:** Petitioner David Rocquemore appeals the denial of his application for post-conviction relief (PCR). We reverse pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 17-27-20(A)(1) & (4) (2014); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("The failure to accord an accused a fair hearing

violates even the minimal standards of due process."); *McCoy v. State*, 401 S.C. 363, 371, 737 S.E.2d 623, 627 (2013) ("Because juror misconduct is a separate basis for a new trial, it is governed by a separate standard. Provided a claim is timely raised, a new trial is warranted on the basis of juror misconduct if it is shown that (1) the juror intentionally concealed information; and (2) the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges."); *Locklear v. Harvey*, 273 S.C. 58, 59, 254 S.E.2d 293, 293 (1979) ("The judge at the Post-conviction hearing found that the meeting did not work to the disadvantage of the applicant and that therefore, no prejudice was demonstrated. . . . Because defense counsel was excluded from the meeting, and because the discussion was off the record, this Court has no way of knowing whether the rights of appellant were prejudiced. While it is unlikely anything improper was said, it is the possibility of prejudice that we are concerned with."); *Burgess v. Stern*, 311 S.C. 326, 330–31, 428 S.E.2d 880, 883 (1993) ("'It is rarely possible to prove to the satisfaction of the party excluded from the communication that nothing prejudicial occurred. The protestations of the participants that the communication was entirely innocent may be true, but they have no way of showing it except by their own self-serving declaration. This is why the prohibition is not against 'prejudicial' ex parte communications, but against ex parte communications.'") (quoting *In re: Wisconsin Steel*, 48 B.R. 753 (D. Ill. 1985)).

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**