**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kelvin Jones, Appellant.

Appellate Case No. 2016-001835

Appeal From Aiken County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2020-UP-018
Submitted January 1, 2020 – Filed January 29, 2020

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General James Clayton Mitchell, III, both of
Columbia, for Respondent.

**PER CURIAM:** Kelvin Jones appeals his convictions and consecutive sentences
of twenty-five years' imprisonment for trafficking cocaine, ten years' imprisonment
for possession with intent to distribute cocaine within proximity of a school, and
one year's imprisonment for possession of ecstasy. On appeal, Jones argues the

trial court erred by (1) refusing to suppress drugs seized as the result of a search warrant that lacked probable cause; (2) allowing testimony indicating law enforcement had prior knowledge of Jones; (3) qualifying an investigator as an expert in cocaine valuation and how cocaine is packaged and sold; and (4) failing to grant a new trial based on the State's refusal to provide Jones with a copy of a complaint filed against the detective who obtained and executed the search warrant. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The issue of whether the trial court erred when refusing to suppress the drugs is not preserved for appellate review. *See State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007) ("To properly preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."); *State v. Stokes*, 339 S.C. 154, 163, 528 S.E.2d 430, 434 (Ct. App. 2000) ("Merely raising an argument in *limine* does not preserve the issue for appellate review."); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in *limine* is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *id*. at 647, 725 S.E.2d at 733 ("[W]hen the evidence does not immediately follow the motion in *limine*, if the trial court clearly indicates its ruling is final, rather than preliminary, the issue is preserved for appellate review.").

2. The trial court did not abuse its discretion when allowing an officer to testify about his prior knowledge of Jones because the testimony served the purpose of identifying Jones. Therefore, any possible prejudice did not substantially outweigh the probative value of the testimony. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429

(Ct. App. 1998) ("All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." (quoting *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989))); *id.* ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))).

3. The issue of whether the trial court erred when qualifying an investigator as an expert in valuing, packaging, and selling cocaine is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Adams*, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct. App. 2003) ("[A] defendant may not argue one ground below and another on appeal.").

4. The trial court did not abuse its discretion in denying Jones's motion for a new trial based on the State's refusal to provide Jones with a copy of a complaint filed against the detective who obtained and executed the search warrant because Jones did not meet the requirements set forth in *Brady*.[1] *See State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and [an appellate court] will not disturb the trial court's decision absent an abuse of discretion."); *Clark v. State*, 315 S.C. 385, 388, 434 S.E.2d 266, 268 (1993) ("*Brady* requires the State to disclose evidence in its possession favorable to the accused and material to guilt or punishment. Impeachment or exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."); *State v. Hutton*, 358 S.C. 622, 632, 595 S.E.2d 876, 882 (Ct. App. 2004) ("Exculpatory evidence is evidence which creates a reasonable doubt about the defendant's guilt."). Further, even if the complaint had been disclosed to Jones the result of the proceeding would not be different because the complaint would have been inadmissible as the detective had not been charged with a crime at the time of trial and the complaint was not probative of the detective's truthfulness or untruthfulness. *See* Rule 608(b), SCRE ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609 [SCRE], may not be proved by extrinsic evidence. They may, however,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."); *State v. Black*, 400 S.C. 10, 21, 732 S.E.2d 880, 886 (2012) ("The starting point in the analysis is the degree to which the prior convictions have probative value, meaning the tendency to prove the issue at hand—the witness's propensity for truthfulness, or credibility.").

**AFFIRMED.**[2]

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.