**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gabriel Rios, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2023-000378

---

**ON WRIT OF CERTIORARI**

---

Appeal From Spartanburg County
Brian M. Gibbons, Circuit Court Judge

---

Opinion No. 2026-UP-099
Submitted January 14, 2026 – Filed February 25, 2026

---

**REVERSED**

---

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Petitioner.

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Respondent.

---

**PER CURIAM:**  We granted certiorari to review the order of the post-conviction relief (PCR) court granting Gabriel Rios's PCR application and ordering a new trial based on newly discovered evidence.  We hold the newly discovered evidence was merely impeaching and reverse the PCR court's order.

Following a jury trial in 2013, Rios was convicted of first-degree burglary, armed robbery, kidnapping, first-degree assault and battery, and possession of a weapon during the commission of a violent crime.  Rios was sentenced to concurrent terms of imprisonment of forty years for first-degree burglary, thirty years for armed robbery, thirty years for kidnapping, and ten years for first-degree assault and battery.  He was also sentenced to a consecutive term of five-years' imprisonment for possession of a weapon during the commission of a violent crime.  These charges arose from a 2010 home invasion in Spartanburg.

Rios timely appealed, and this court affirmed his convictions and sentences. *State v. Rios*, Op. No. 2015-UP-135 (S.C. Ct. App. filed Mar. 11, 2015).  Rios filed his first PCR application shortly thereafter, and following an evidentiary hearing, the PCR court denied and dismissed the application with prejudice.  This court denied certiorari.

Rios filed the PCR application at issue here in 2019, raising a claim for newly discovered evidence because he learned that Investigator Lorin Williams—a witness at his trial and the officer who conducted the photo lineup wherein the victim identified Rios as the intruder—had been fired from his law enforcement job in 2019 after an investigation revealed he fabricated an affidavit to obtain a search warrant in an unrelated case.[1]  Following two evidentiary hearings, the PCR court granted Rios relief and ordered a new trial.  The State filed a motion to reconsider, which the PCR court denied after a hearing.  The State petitioned for a writ of certiorari, and this court granted the petition.  The State asks us to reverse the PCR court's order

---

[1] Shortly thereafter, Rios also filed a petition for a writ of habeas corpus based on the same ground in federal court. *Rios v. Williams*, No. 1:19-2329-SAL-SVH, 2020 WL 5984694, at \*4–5 (D.S.C. May 19, 2020), *report and recommendation adopted*, 2020 WL 3958262 (D.S.C. July 13, 2020).  The magistrate recommended dismissing the petition with prejudice because, among other reasons, the record did not indicate that Investigator Williams falsified documents or otherwise engaged in inappropriate behavior in Rios's case. *Id.* at \*11.  In adopting the magistrate's report and recommendation, the district court noted the newly discovered evidence was "entirely unrelated to [Rios's] case." *Rios v. Williams*, No. 1:19-2329-SAL-SVH, 2020 WL 3958262, at \*3 (D.S.C. July 13, 2020).

because the newly discovered evidence was not material to the issue of guilt or innocence and was mere impeachment evidence.

"In an action for PCR, an appellate court reviews questions of law de novo, and it will reverse the PCR court's decision when it is controlled by an error of law." *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (citing *Jordan v. State*, 406 S.C. 443, 448, 752 S.E.2d 538, 540 (2013)). Appellate courts must uphold the factual findings of the PCR court when there is any evidence of probative value to support them. *See Suber v. State*, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007).

> To obtain a new trial based on after discovered evidence, the party must show that the evidence: (1) would probably change the result if a new trial is had; (2) has been discovered since the trial; (3) could not have been discovered before trial; (4) is material to the issue of guilt or innocence; and (5) is not merely cumulative or impeaching.

*Clark v. State*, 315 S.C. 385, 387–88, 434 S.E.2d 266, 267 (1993). "[N]ewly discovered evidence [that] merely impeaches or contradicts the testimony of a witness at the trial affords no sufficient ground for a new trial." *State v. Pittman*, 137 S.C. 75, 87, 134 S.E. 514, 518 (1926) (citation modified). Merely impeaching evidence is used to undermine "the evidence already given . . . by attacking the character, the motives, the integrity, or veracity of those who gave the testimony." *Johnston v. Belk-McKnight Co. of Newberry*, 188 S.C. 149, 158, 198 S.E. 395, 399 (1938).

We agree with the State that the evidence of Investigator Williams's impropriety in an unrelated case is, at best, impeachment evidence. Investigator Williams was fired almost six years after Rios was convicted. The sole use of this evidence in a new trial would be to impeach Investigator Williams's testimony or the victim's identification of Rios as the intruder. The fifth element of the test enunciated in *Clark* for ordering a new trial based on newly discovered evidence requires that the evidence not be merely impeaching. 315 S.C. at 388, 434 S.E.2d at 267. Because the evidence Rios raises in his PCR application is precisely that, we must reverse the PCR court's order. *See Johnston*, 188 S.C. at 158, 198 S.E. at 399 (explaining evidence is merely impeaching when it impeaches evidence already presented by "attacking the character, the motives, the integrity, or veracity of those who gave the testimony"); *see also United States v. Robinson*, 627 F.3d 941, 949 (4th Cir. 2010) (rejecting a newly discovered evidence claim centering around the

post-trial discovery of officer misconduct in a separate case because "the evidence is offered to cast doubt on the testimony of the dismissed officers and the evidence they helped to collect, [which is] about as textbook an example of impeachment evidence as there could be").

Because resolution of this issue is dispositive, we decline to address the State's argument that the evidence is not material to the issue of guilt or innocence. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting that when resolution of an issue is dispositive, the appellate court need not address the remaining issues).

For these reasons, the order of the PCR court granting Rios a new trial is

**REVERSED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.